No. 12728

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

RANDY HOLBROOK,

Plaintiff and Cross-Defendant and Respondent,

-vs-

CLAIRE FORSMAN,

Defendant and Cross-Plaintiff and Appellant.

------------------------

CLAIRE FORSMAN,

Plaintiff and Appellant,

-vs-

RANDY HOLBROOK,

Defendant and Respondent.

---

Appeal from: District Court of the Third Judicial District,
Honorable Robert Boyd, Judge presiding.

Counsel of Record:

For Appellant:

Knight, Dahood, MacKay and McLean, Anaconda, Montana
Wade J. Dahood argued, Anaconda, Montana

For Respondent:

Burgess, Joyce, Prothero, Whelan and O'Leary,
Butte, Montana
John Whelan argued, Butte, Montana
Allen McKenzie appeared, Butte, Montana

---

Submitted: April 11, 1975

Decided: JUN 6 - 1975

Filed: JUN 6 1975

_Thomas J. Kearney_
Clerk

Hon. W. W. Lessley, District Judge, sitting for Chief Justice James T. Harrison, delivered the opinion of the Court.

This appeal arises from the denial of plaintiff's motion for a judgment notwithstanding the verdict by the district court, Deer Lodge County. The jury found both parties negligent and denied relief. Plaintiff appeals from the judgment.

The facts are not complex. In Anaconda, Montana, on October 3, 1968, at about 9:10 a.m., plaintiff Claire Forsman was traveling on Third Street from west to east; defendant Randy Holbrook was traveling on Hickory Street from south to north; at the intersection of Hickory Street with Third Street the vehicles collided. Both streets were dry and the weather clear. The front of plaintiff's car struck the left side of defendant's vehicle. After impact defendant's car continued on through the intersection, over the street curb and sidewalk, through a fence, and struck a house. Plaintiff's car spun counterclockwise and ended facing west in the westbound lane.

A relevant fact of this intersection collision was the missing stop sign for traffic approaching from the south; the sign was normally there. Further, it was admitted that Anaconda has a speed limit ordinance of 15 m.p.h. at intersections and 25 m.p.h. on all city streets.

Plaintiff Forsman contends defendant's testimony is totally absurd; this is so, she says, because his testimony indicates he would have traveled only 10 feet, while she was traveling 80 to 90 feet at the same time. Forsman further contends that three eyewitnesses testified defendant was going between 35 and 50 m.p.h.; one eyewitness testified plaintiff was doing "about 15 m.p.h."; that she entered the intersection at 15 m.p.h., looked to the right and did not see any vehicle approaching within a distance that would be traversed by a vehicle driven at a speed

permitted by law. She also contends defendant cannot rely on section 32-2170, R.C.M. 1947, granting a preference to the driver on the right, since both vehicles did not approach the intersection at approximately the same time.

Forsman further argues the jury could/not disregard her uncontradicted testimony when there is nothing in the record to reflect unfavorably on her credibility; and that the evidence establishes a wanton and reckless entry into the intersection by defendant. Finally Forsman argues that even if she was exceeding the speed limit the excess speed of the defendant was the sole proximate cause of the accident; that she was on a through street and that where a stop sign has been removed or obscured, the motorist on the through street is entitled to rely on a favored status.

Defendant Holbrook contends that plaintiff was in clear violation of section 32-2170, R.C.M. 1947, since defendant, being the operator of the vehicle on the right, had the right of way and it was plaintiff's obligation to yield. He insists, under the facts, that plaintiff is guilty of contributory negligence as a matter of law. He further argues that the jury had sufficient evidence to find plaintiff guilty of contributory negligence in failing to keep a proper lookout for traffic approaching the intersection. Defendant maintains plaintiff's theory that she was on a through street and therefore enjoyed a favored status is a new theory never advanced in the district court and cannot be argued on appeal. Defendant's concluding argument was that where the evidence is conflicting this Court must accept the evidence in the record to support the verdict of the jury; and, further, that his testimony was sufficient to establish plaintiff's contributory negligence.

The jury's verdict was that both parties of this intersection collision were negligent. The jury's verdict left them where they were at the start of this double law suit.

- 3 -

We find conflict in the evidence. In such cases this Court may only review the evidence for the purpose of determining if there is substantial evidence to support the verdict. Strong v. Williams, 154 Mont. 65, 460 P.2d 90.

The record shows sufficient evidence to find Forsman contributorily negligent for her failure to keep a proper lookout for traffic approaching the intersection. The trial court instructed the jury on this matter in court's instruction No. 24, offered by plaintiff as her proposed instruction No. 16.

Our position is even stronger, where, as here, the district court, in its order denying judgment notwithstanding the verdict or in the alternative the motion for new trial, found sufficient evidence to support the jury verdict.

We do not consider Forsman's favored status theory, in that it is presented here on appeal for the first time.

The jury's verdict left both parties in the intersection. We agree and leave them where the jury did---in the intersection.

We affirm.

_____
Hon. W.W.Lessley, District Judge, sitting for Chief Justice James T. Harrison.

We Concur:

_Wesley Castles_

_John Conway Harrison_.

_Frank I. Haswell_

_Gene B. Daly_
Justices.