No. 12235

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

MONA KIRBY, by Guardian ad litem,
GWAN KIRBY and GWAN KIRBY,

Plaintiff and Appellant,

-vs-

MELINDA P. KELLY and LEONARD M. KELLY,

Defendants and Respondents.

---

Appeal from: District Court of the First Judicial District,
Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellant:

Arthur P. Acher appeared, Helena, Montana.
Robert F. Swanberg argued, Helena, Montana.

For Respondents:

Robert L. Johnson argued, Lewistown, Montana.

---

Submitted: October 19, 1972

Decided: DEC 19 1972

Filed: DEC 19 1972

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is a personal injury and property damage action by plaintiffs, tried to a jury in the district court of the first judicial district, county of Lewis and Clark. After a verdict for defendants and denial of a motion for a new trial, plaintiffs appeal from the final judgment.

On the morning of October 15, 1969, on Interstate Highway #15, an accident occurred about seven miles north of Helena. All parties involved in the accident were traveling south toward Helena from the Lincoln road to attend work or school. A dense fog enshrouded the area and the highway surface was icy.

The facts on some controlling issues are in dispute, but we will relate them most favorably to the prevailing party.

Plaintiff Mona Kirby and her mother Gertrude Kirby were traveling south on Interstate #15, which is a four lane highway divided by a median with two driving lanes and a broad shoulder parking area, both north and south. They were passed by defendant Leonard M. Kelly, driving a GMC pickup truck. As the Kirby car continued in the fog, it approached Leonard Kelly's pickup which had stopped off to the side of the road to clean the ice and frost from the windshield. Plaintiffs contend Leonard Kelly's pickup was not off the driving lane. Gertrude Kirby stopped her automobile in the right hand or outside lane of traffic.

After cleaning his windshield, Leonard Kelly continued toward Helena. Gertrude Kirby waited for a short period of time after Leonard Kelly had departed and as she was about to move her car, it was struck in the rear by a car driven by codefendant, Melinda Kelly. Both vehicles came to a stop on the highway. The damage seemed minor.

While the drivers were surveying the damage to their respective automobiles, and were out of the automobiles, another automobile driven by Russell Harvey came from behind and struck Melinda Kelly's vehicle. Harvey drove heavily into the rear of Melinda Kelly's automobile, rupturing the gasoline tank. This caused a fire which injured Mrs. Knapp, who was riding with Melinda Kelly, and Cheryl Kelly, daughter of the Kellys, was engulfed in flaming gasoline.

Plaintiff Mona Kirby was also injured in this series of accidents. She was treated at various times by a medical doctor after the accident. Plaintiff Gwan Kirby, father of Mona, claimed damages for injuries to his daughter; and for damages to his automobile. The jury found for defendants on both counts.

Plaintiffs present several issues for review which will be discussed in order of their presentation in the brief.

Plaintiffs contend there was not substantial evidence to support the verdict for defendants and the trial court erred in its failure to grant a new trial. In reviewing this issue, this Court will follow the long established rule, which was again reaffirmed in Davis v. Davis, _____Mont._____, 497 P.2d 315, 318, 29 St.Rep. 65,69:

> "'When such a question is before this Court we will review the evidence to decide if the verdict is supported by substantial evidence. Breen v. Industrial Accident Board (Mont. 1968), [150 Mont. 463] 436 P.2d 701. The fact that there were conflicts in the testimony does not mean there is not substantial evidence to support the verdict. We must accept the evidence believed by the jury "unless that evidence is so inherently impossible or improbable as not to be entitled to belief * * *." Wallace v. Wallace, 85 Mont. 492, 279 P.374, 377, 66 A.L.R. 587 (1929).'"

Even though there is a conflict in the evidence, there is evidence, depending on which witness the jury believed, that defendant Leonard Kelly drove his pickup with due care and was not on or blocking the highway when Gertrude Kirby chose to stop on the driving lane, in which case Gertrude Kirby could not look to defendant Leonard Kelly to respond for her misfortune. There

is further evidence that Gertrude Kirby remained stopped on the highway some minutes after Leonard Kelly departed. There is also evidence that there was no problem seeing the traffic lane markers on the highway surface.

Plaintiffs further contend that Leonard Kelly was negligent per se for not having defrosters under section 32-21-148, R.C.M. 1947, which requires:

> "(a)  No person shall drive any motor vehicle with any sign, poster, or other nontransparent material upon the front windshield, side wings, or other side or rear windows of such vehicle which obstructs the driver's clear view of the highway or any intersecting highway.
>
> "(b)  The windshield on every motor vehicle shall be equipped with a device for clearing rain, snow, or other moisture from the windshield, which device shall be so constructed as to be controlled or operated by the driver of the vehicle.
>
> "(c)  Every windshield wiper upon a motor vehicle shall be maintained in good working order."

This statute requires that there be windshield wipers on the vehicle, that they be in good working order, and that they are operated from the inside of the automobile. We find no authority to extend the mandate of this statute to interior heating devices.

Insofar as Melinda Kelly's actions are concerned, there is substantial evidence in the record that would allow a jury to find that she was operating her vehicle under proper control and at a reduced speed when she entered the fog and came suddenly upon Gertrude Kirby's automobile in the driving lane. The force of the described impact would reinforce the evidence of slow speed.

Plaintiffs further contend that court's instruction No. 7, which is section 32-2199, R.C.M. 1947, "Stopping, standing, or parking outside of business or residence districts." is not applicable to the facts here, due to the poor visibility. This statute is clearly the law and we find no error.

Plaintiffs' proposed instruction No. 5 deals with the code section on windshield wipers and we have previously commented on this issue of the case. With no evidence in the record of

- 4 -

<u>defective</u> wipers, the instruction was properly denied.

Plaintiffs contend the giving of court's instruction No. 18 was error. This instruction was given over plaintiffs' objection and reads:

"You are instructed that if you find negligence on the part of Gertrude L. Kirby was the sole proximate cause of damage to the plaintiffs, or either of them, then your verdict shall be for the defendants, Leonard Kelly and Melinda Kelly."

The record contains evidence, if believed by the jury, that Gertrude Kirby was stopped on the driving lane for some period of time for no purpose, as there were two driving lanes available to proceed. Leonard Kelly testified that it appeared she was waiting to follow his machine through the fog. It was within the province of the jury to make this determination from the record. Therefore, the instruction would apply.

The next issue for review concerns the verdicts submitted to jury. The court gave a proposed verdict submitted by plaintiffs which required the jury to respond to four sets of questions. The defendants submitted a general verdict in their favor. The court asked for objections, if any, to the defendants' verdict being submitted to the jury. Plaintiffs only responded that they thought it to be repetitious and the court thereupon submitted both forms to the jury.

When the jury returned its verdict, it used the verdict submitted by defendants, the general verdict. Plaintiffs now contend that it was error for the jury not to have also answered the questions on their proposed verdict. Nowhere in the record is it established that plaintiffs moved under Rule 49(a), M.R. Civ.P., that the jury be required to return only a special verdict in the form of special written finding upon each issue of fact. Under the state of the record, we decline to consider error on the part of the trial court.

The final issue raised by plaintiffs is that the court erred in failing to strike defendants' cost bill. When this case came to oral argument in this Court, counsel for defendants withdrew their opposition to this argument and therefore plaintiffs will prevail on that point.

The judgment of the district court is affirmed, however the bill of costs entered by defendants will not be allowed.

_____
Associate Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Associate Justices.

- 6 -