MR. JUSTICE DALY
(dissenting) :
I respectfully dissent to the view of the majority.
The majority opinion contradicts one of our longest standing and most frequently repeated principles of appellate jurisprudence. In the recent case of Resner v. Northern Pacific Railway, 161 Mont. 177, 505 P.2d 86, 89, this Court quoted from Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 744, 90 L.Ed. 916, 923:
“ ‘Whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference. Only when there *180 is a complete absence of probative facts to support the conclusion reached does a reversible error appear. But where * * * there is an evidentiary basis for the jury’s verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion. And the appellate court’s function is exhausted when that evidentiary basis becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable.’ ”
See also: Kirby v. Kelly, 161 Mont. 66, 504 P.2d 683; Davis v. Davis, 159 Mont. 355, 497 P.2d 315; Wallace v. Wallace, 85 Mont. 492, 279 P. 374; 66 A.L.R. 587.
This principle of law circumscribing our right to review the evidence is based on the sound premise that the trial court and jury have an obvious advantage over the appellate court in making determinations of fact. They hear and observe the attitude and demeanor of the witnesses firsthand, whereas this 'Court has only the written record.
An examination of that written record reveals defendant has relied exclusively on the facts (1) the person informing Mrs. Hannifin that her job was lost was subordinate to her in rank, and (2) Mrs. Hannifin chose to pursue her remedy in the district court rather than through internal union verification and appeal channels.
Defendant made little or no attempt to establish several other aspects of its case as fact, including (1) that Patsy Thomas had spoken mistakenly, independently or in excess of her conferred authority, (2) that Mrs. Hannifin had or ■should have had reason to disbelieve or doubt the word of Patsy Thomas, (3) that Mrs. Hannifin did not, in fact, believe that Patsy Thomas was relaying true information from those in authority to effect her dismissal, (4) that Mrs. Hannifin did voluntarily and with full knowledge of her actions, resign her ■employment, (5) that Mrs. Hannifin expressly or impliedly waived the protections she was accorded under her employ *181 ment contract and the constitutions of Butte Local No. 4 and the Retail Clerks International Association, or (6) that defendant or anyone connected with it, made any attempt to correct the claimed misapprehension they created in the- mind of Mrs. Hannifin that her job had been terminated. The jury supplied the answers to these questions of fact based on the evidence presented at trial. It is not the prerogative of this Court to supply its own answers.
There was some testimony indicating that Mrs. Hannifin’s job performance was poor and created adequate grounds for dismissal. Perhaps then, it could be rationalized that in this case the end result was just and equitable. Even if this were true, I do not believe the end justifies the means. And indeed, the means employed to circumvent Mrs. Hannifin’s rights under her employment contract and the union constitutions are within the purview of constructive fraud, if intentional, or actionable negligence, if inadvertent.
The finding of fact, as made by the jury, was based on substantial, credible and in some aspects uncontradicted evidence. There appears no indication of passion or prejudice on the part of the trial court or jury. The verdict and judgment did no more than compensate Mrs. Hannifin for the wages the Local Union was contractually obligated to pay her over the remainder of her elected term of employment.
I would affirm the judgment of the district court.