MR. JUSTICE HASWELL
concurring in part and dissenting in part:
I concur in the holding of the majority that the State breached the construction contract and that Zook’s claim is not barred by the special statute of limitations.
I dissent from the amount of damages awarded by the majority — $1,320,321.58, or almost 10 times the damages awarded by the district court. This award is based on Zook’s contention that the delays resulting from relocation of utility poles and acquisition of right-of-way over mining claims in one segment of the project caused a “ripple effect” on other segments of the project with the result that the entire construction project as conceived and bid had to be changed materially which caused losses half again as great as the amount of the original bid and award.
*78 In my view, the focus of the issue is whether the State’s breach caused the damages claimed by Zook.
On appeal, the function of this Court is simply to determine the sufficiency of the evidence to support the district court’s finding and judgment. Holenstein v. Andrews, 166 Mont. 60, 530 P.2d 476; Kirby v. Kelly, 161 Mont. 66, 504 P.2d 683, and cases cited therein. Here the district court found that only $140,917 of the claimed damages were caused by the State’s breach. The gist of the district court’s reasoning is found in the following excerpt from its opinion:
“It is the opinion of this Court that both the State and the contractor miscalculated the total time allowed for the completion of the contract. There was an overrun of 116 days due, in part, to the delays occasioned by the State in not having the entire right-of-way available. Work started on July 25, 1967, and the complete right-of-way was available in mid-October, 1967. However, during this time the contractor was available to work on and did work on a major portion of the project.”
In my view, the evidence, though conflicting, is sufficient to support this finding and judgment of the district court. I would affirm the judgment.