No.  13490

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

DOUGLAS R. McGUIRE,

> Plaintiff and Respondent,

vs.

AMERICAN HONDA COMPANY,

> Defendant and Appellant.

---

Appeal from:  District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Richard W. Anderson argued, Billings, Montana
Berger, Anderson, Sinclair & Murphy, Billings, Montana

For Respondent:

Jerome Anderson argued, Billings, Montana
Anderson, Symmes, Forbes, Peete & Brown, Billings, Montana

---

Submitted:

Decided: JUL    , 4//

Filed:

*Thomas J. Kearney*
Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court.

Defendant American Honda Company appeals from a judgment entered in the district court, eighteenth judicial district, Gallatin County. The court tried the issue of liability without a jury and pursuant to its findings of fact and conclusions of law entered judgment in favor of plaintiff Douglas R. McGuire. Following denial of Honda's combined motion to amend findings of fact and conclusions of law and judgment and motion for a new trial, Honda appealed.

The action was brought by plaintiff to recover damages sustained in a motorcycle accident involving a motorcycle owned by plaintiff and manufactured by Honda.

Plaintiff purchased a used 1966 Honda Trail 90 motorcycle in April, 1970. Shortly thereafter he replaced the front tire with one purchased by his present wife (then fiancee) at a Bozeman motorcycle dealer's shop. On July 5, 1970, while operating the motorcycle in an area near Bozeman, plaintiff was thrown over the handlebars when the front wheel locked as he was descending a hill. Plaintiff received a broken pelvis; his wife, who was riding on the back of the motorcycle, was not injured.

Plaintiff originally brought a negligence action against Howard Nelson, d/b/a Harmony house, the local Honda dealer, alleging the dealer negligently sold plaintiff's wife a tire that was the wrong size for the front wheel of the motorcycle. Honda specified a 2.50 x 17 tire size for the front wheel of its Trail 90 model, and a 2.75 x 17 tire size for the rear; the larger size was sold to plaintiff's wife. Plaintiff alleges that the injuries he suffered were caused by the sudden seizure of the front wheel when the tire was forced up against the front fender.

Plaintiff was awarded $45,000 by the jury which found for him in that action. Nelson appealed and this court in McGuire

- 2 -

v. Nelson, 162 Mont. 37, 508 P.2d 558, held that testimony of plaintiff's expert witness had been improperly received since no foundation had been given for an in court demonstration in which the motorcycle's front suspension was compressed through the use of furniture clamps. It was held that plaintiff had failed to show a substantial similarity of conditions between the force employed in the demonstration and the force applied at the time of the accident. The cause was remanded to the district court for a new trial.

Plaintiff then filed an amended complaint adding American Honda Company as a defendant, alleging negligent design and manufacture of a defective product in that the narrowness of the front fork allowed the front wheel to lock when fitted with an oversize tire, with no warning given for such a dangerous condition. Plaintiff alleged that Honda should be held strictly liable in tort.

Following the presentation of plaintiff's case before a jury, Honda's motion for a directed verdict was granted and judgment in favor of Honda entered. Plaintiff and defendant Nelson then settled, upon a covenant not to sue, for the amount of $3,750.

Plaintiff appealed. In McGuire v. Nelson, 167 Mont. 188, 536 P.2d 768, this Court held that testimony of plaintiff's expert witness, Roy Prussing, as to his opinion concerning the safety and/or defects of the design of the front suspension and the cause of the accident had been improperly excluded. This Court held that expert testimony is proper to explain the cause of an accident when the subject is complex and the expert qualified, and that witness Prussing was duly qualified. The cause was returned to the district court for a third trial.

The parties then entered upon a stipulation pursuant to

which the issues of liability and damages would be split and the liability issue tried before the district court without a jury. It was stipulated that the testimony and evidence submitted by plaintiff would consist of testimony and exhibits on the liability issue received during the second trial of the case, and supplemental testimony of witness Prussing presented by his May 29, 1974 desposition. It was agreed that subject to Honda's right to appeal, a jury trial would be held to determine the issue of damages in the event the district court found the issue of liability in plaintiff's favor.

Plaintiff submitted to the court the record of the previous trial as it concerned his proof of Honda's liability, and the deposition of witness Prussing. Honda presented four expert witnesses at this trial and had twenty exhibits entered into evidence. Plaintiff testified in rebuttal.

The district court made and entered its findings of fact and conclusions of law on June 23, 1976. The court found that plaintiff's Honda 90 motorcycle would not safely accomodate on its front wheel the tire specified for the rear wheel and that Honda had displayed no warnings against the interchange of tires. It also found that the front suspension was so designed that when it "bottomed" there was insufficient clearance to prevent contact between the fender and front tire. The district court found that plaintiff's injuries were proximately caused by Honda's failure to warn against interchange of the front and rear tires, by negligent design of the front suspension system, and by Honda's marketing a product deceptively and unreasonably dangerous to the user. The district court concluded as a matter of law that the motorcycle was negligently and deceptively designed in that the tolerances between the front wheel and fender were dangerously close; that the front and rear tires could not be safely interchanged

- 4 -

although deceptively similar; and that there was no warning to the user of the dangers involved in the foreseeable practice of tire substitution. The court concluded that the negligent design, failure to warn and resulting defects were a proximate cause of plaintiff's injuries; that plaintiff neither assumed the risk of injury in his operation of the motorcycle nor was guilty of contributory negligence; and that plaintiff had proven by a preponderance of the evidence his allegations concerning the strict liability in tort of American Honda Company.

Pursuant to its findings of fact and conclusions of law the district court entered judgment in favor of plaintiff on the issue of liability and ordered the trial of the damage issue.

Honda specifies five issues for review:

Whether the evidence supports the district court's determinations (1) that the interchange of the front and rear tire caused the front wheel to lock, being thereby deceptively dangerous to the user; (2) that Honda's failure to warn against such interchange caused plaintiff's injuries; (3) that the close tolerance between the front fender and tire constituted negligent design and caused plaintiff's injuries; (4) that plaintiff was not guilty of contributory negligence; (5) that plaintiff had not assumed the risk of his actions.

Honda contends that the evidence shows no danger of a front wheel seizure when the front and rear tires are interchanged. From this, Honda argues, it follows that the interchange did not cause plaintiff's injuries, that there was no need to warn against such interchange, and that the Honda 90 motorcycle was not negligently designed.

Honda invites this Court to disregard the testimony of plaintiff's expert witness concerning the design of the front

suspension and the cause of plaintiff's injuries and to accept as more credible the evidence offered by Honda in the nonjury trial.

This Court has said that a trial court may not disregard uncontradicted credible evidence. Faith Lutheran Retirement Home v. Veis, 156 Mont. 38, 46, 473 P.2d 503.

The evidence presented by Honda was not, however, uncontradicted. The trial court also received the opinion of plaintiff's expert witness, evidence it was directed to receive by this Court in its decision on the second appeal of the cause, McGuire v. Nelson, 167 Mont. 188, 197, 536 P.2d 768. The former appeal established the law of the case. Solberg v. Sunburst Oil & Gas Co., 76 Mont. 254, 246 P. 168; Anderson v. Border, 87 Mont. 4, 285 P. 174. In McGuire it states:

> "All that testimony, combined with Prussing's testimony as to whether or not he considered the design to be dangerous, had it been allowed into testimony, would have been sufficient evidence to allow the case to go to the jury * * *." 167 Mont. 197.

The exact same evidence was stipulated in this case. Therefore a prima facie case for plaintiff was made out as a matter of law.

Conceding that this Court in the second appeal found witness Prussing's testimony to have met the threshold requirements for consideration by the trier of fact, Honda contends that such evidence fails to prove a causal connection between the alleged defect in the design of the front suspension and the injuries suffered by plaintiff.

Honda relies on Brandenburger v. Toyota Motor Sales, 162 Mont. 506, 515, 518, 513 P.2d 268, where this Court stated:

> "The adoption of the doctrine of strict liability does not relieve the plaintiff from the burden of proving his case. Vital to that proof is the necessity of proving the existence of a defect in the product and that such defect caused the injury complained of."

The standard of proof adopted in Brandenburger is set forth in part as follows:

- 6 -

"The most convincing evidence is an expert's
pinpointing the defect and giving his opinion
on the precise cause of the accident after a
thorough inspection." 162 Mont. 518.

The testimony of plaintiff's expert witness included a description of the elements of the design of the motorcycle's front suspension which he judged to be defective, and his opinion that this defective design caused plaintiff's injuries. Witness Prussing's testimony was based upon tests he performed and observations he made in the course of examining the front suspension of the motorcycle.

Plaintiff, his wife, and his cousin George Barclay also testified in support of plaintiff's theory of causation. Sometime after the accident, they noticed contact between the front tire and fender of plaintiff's Honda 90. While denying that this contact could slow the front wheel to a stop, Honda's expert witnesses conceded that such contact occurred during their tests of a similar motorcycle on which an oversize front tire was mounted.

Judge W. W. Lessley, eighteenth judicial district, presided over the trial of the original action, McGuire v. Nelson, 162 Mont. 37, 508 P.2d 558. He also presided over the jury trial for which Honda was added as a defendant, McGuire v. Nelson, 167 Mont. 188, 536 P.2d 768, and the nonjury trial from which the present appeal is taken. The trial court considered all of the evidence before finding in plaintiff's favor. In all proceedings, 57 exhibits were received, and the record totals 612 pages.

In Strong v. Williams, 154 Mont. 65, 68, 460 P.2d 90, this Court stated:

"It is well settled in this jurisdiction that
wherever there is a conflict in the evidence this
Court may only review the testimony for the pur-
pose of determining whether there is any sub-
stantial evidence in the record to support the
verdict * * *. Where the evidence is conflicting,
but substantial evidence appears in the record
to support the judgment, the judgment will not be

> disturbed on appeal, and this is especially true
> when the district court, as here, has passed upon
> the sufficiency of the evidence on motion for a
> new trial and upheld its sufficiency.  Batchoff
> v. Craney, 119 Mont. 157, 172 P.2d 308; Wallace v.
> Wallace, 85 Mont. 492, 279 P. 374 * * *."

To the same effect, see Kirby v. Kelly, 161 Mont. 66, 504 P.2d

683; Davis v. Davis, 159 Mont. 355, 497 P.2d 315.

We find there was substantial evidence submitted to the

trier of fact for it to find that plaintiff was not guilty of

contributory negligence nor assumed the risk of his actions and

that plaintiff's injuries were proximately caused by the defec-

tive design of his Honda 90 motorcycle.

Judgment is affirmed.

_____
Chief Justice

_____

_____

_____

_____
Justices