BATCHOFF, Respondent, *v.* CRANEY, Appellant.

No. 8624

Submitted May 29, 1946. Decided June 29, 1946.

As Amended on Denial of Rehearing

September 11, 1946.

172 Pac. (2d) 308

158

Mr. John K. Claxton, of Butte, for appellant.

Mr. J. F. Emigh and Mr. H. D. Carmichael, both of Butte, for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the Court.

Plaintiff brought this action to recover damages for personal injuries sustained by him while riding as a guest in an automobile alleged to have been owned and controlled by defendant but which was being operated and driven by Bailey Stortz. The jury returned a verdict for plaintiff in the sum of $10,000. The cause was tried before the Hon. T. E. Downey, district judge. A motion for new trial was filed by defendant. Judge Downey was disqualified from hearing the motion and Hon. Jeremiah J. Lynch assumed jurisdiction of the case and after hearing denied the motion.

Defendant has appealed from the judgment.

The accident happened on November 2, 1940, near Big Timber as the automobile was being driven from Billings to Butte. Plaintiff was then chief liquor enforcement officer for the state of Montana.

Between 4 and 5 o'clock in the morning of that day he went to the Northern Pacific depot in Billings and was about to take the North Coast Limited to Butte after having purchased a ticket; there he met defendant. He said the following conversation ensued: "Well, I saw him come in with a car. He came in and asked me where I was going and I told him I was

taking the train to Butte. Well, he said, 'Oh, hell, Jim, stay here and miss this train.' He said Senator Wheeler and Mrs. Wheeler and Bailey are coming off of this train and I got to ride back on the plane. He said, 'I am going to leave my automobile with Bailey to drive it back to Butte,'—that's Bailey Stortz—'and you can ride along with him. He said he is going to bring it back to Butte.' I thanked him and we visited a while and passed a few pleasant conversations there and in due course of time the train arrived. Off of the train came Mr. and Mrs. Wheeler and Bailey Stortz, who was Wheeler's secretary, and they shook hands. Craney had a little talk with Senator Wheeler and in the meantime Grover Cisel came in with his car and took Mr. and Mrs. Wheeler to their home and Bailey Stortz and Craney and I were left alone at the depot and Craney said to Bailey: 'I got to make that plane which leaves about 6 o'clock from the Rimrocks airport in Billings, it's there on top of the rimrocks, and I asked Batchoff and invited him to ride along with you.' ''

Pursuant to arrangements plaintiff met Stortz at the Grand Hotel in Billings about 3 p. m. that day and they started for Butte in the defendant's automobile with Bailey Stortz doing the driving. Plaintiff testified that Stortz drove the car from 70 to 75 miles per hour; that he, plaintiff, complained of the excessive speed but instead of slowing down the speed was increased to between 80 and 85 miles per hour; there were wet spots in the road; the car hit a wet spot, skidded around several times; the door of the car swung open and plaintiff was thrown from the car into a borrow pit and the car followed and struck him and ran over him causing the injuries complained of and rendering him unconscious.

Plaintiff thereafter presented a claim to the Industrial Accident Board and testified in support of the claim.

His testimony before the Industrial Accident Board differed in some respects from that given at the trial of this case. Thus before the Industrial Accident Board he testifed that Stortz invited him to ride to Butte and he accepted the invitation.

Likewise before the Industrial Accident Board plaintiff testified that he intended to go to Big Timber where he had an' hour or so of work and then was going from there to Butte. Likewise plaintiff, in making a statement of the accident to Dr. Preston of Missoula, stated that near Big Timber the car slowed down in order to pass a flock of sheep and on resuming speed the car slipped on the icy pavement and rolled over a bank whereas at the trial of this case he testified there were no sheep on the highway.

Defendant produced witnesses who testified that he lent his car to Senator Wheeler for his use in and around Billings and that Stortz was acting as agent of Senator Wheeler in returning the car to Butte when the accident occurred. In other words, the evidence was in sharp conflict if it can be said that the testimony of plaintiff is worthy of belief. Whether his testimony was worthy of belief was for the jury to determine.

Thus in Wallace v. Wallace, 85 Mont. 492, 279 Pac. 374, 377, 66 A. L. R. 587, this court said:

"A jury may believe the testimony of one witness and disbelieve that of another, or any numbers of others, and the determination of the jury in this regard is final; having spoken, this court must assume that the facts are as stated by the witnesses believed by the jury, and claimed by the prevailing party. Hanson Sheep Co. v. Farmers', etc., State Bank, 53 Mont. 324, 163 Pac. 1151; Watts v. Billings Bench Water Ass'n, 78 Mont. 199, 253 Pac. 260. The preponderance of the evidence may be established by a single witness as against a greater number of witnesses who testify to the contrary. McQuay v. McQuay, 81 Mont. 311, 263 Pac. 683.

"It follows that wherever there is a conflict in the evidence this court may only review the testimony for the purpose of determining whether or not there is any substantial evidence in the record to support the verdict of the jury, and must accept the evidence there found as true, unless that evidence is so inherently impossible or improbable as not to be entitled to belief; and, where a verdict is based upon substantial evi-

dence which, from any point of view, could have been accepted by the jury as credible, it is binding upon this court, although it may appear inherently weak. Williams v. Thomas, 58 Mont. 576, 194 Pac. 500. Where the evidence is conflicting, but substantial evidence appears in the record to support the judgment, the judgment will not be disturbed on appeal, and this is especially true when the court, as here, has passed upon the sufficiency of the evidence on motion for a directed verdict and motion for a new trial and upheld its sufficiency." And see to the same effect Gilmore v. Mulvihill, 109 Mont. 601, 98 Pac. (2d) 335, and In re McCue, 80 Mont. 537, 261 Pac. 341.

It should be noted that the statements made by plaintiff before the Industrial Accident Board and other declarations contrary to his testimony in this case may not be considered as substantive evidence in this case so as to present a situation where there is material conflict and contradiction in his own testimony within the rule stated in Putnam v. Putnam, 86 Mont. 135, 282 Pac. 855. The only effect of declarations made by plaintiff at other times and places is to impeach him, leaving the question of his credibility for the jury.

In Wise v. Stagg, 94 Mont. 321, 22 Pac. (2d) 308, 311, we said: "After contradiction of a witness by showing his inconsistent statements at other times, not only is such contradictory evidence not substantive evidence concerning its subject-matter, but, as before, the credibility of the witness remains a question for the jury. 6 Jones' Commentaries on Evidence (2d Ed.) 4769; Thompson v. Los Angeles, etc., R. Co., 165 Cal. 748, 134 Pac. 709; Steele v. Kansas City So. R. Co., 302 Mo. 207, 257, S. W. 756."

Speaking of the effect of prior statements inconsistent with present testimony, this court in State v. Peterson, 102 Mont. 495, 59 Pac. (2d) 61, 63, said:

"These matters tend to discredit, but not destroy, the testimony of the prosecutrix. 'A witness false in one part of his testimony is to be distrusted in others' (section 10672, subd. 3, Rev. Codes 1921), and 'a witness may be impeached' by contra-

dictory evidence that his general reputation for truth and integrity is bad, or that he has made at other times statements inconsistent with his present testimony (sections 10668, 10669, Id.); but while proof of falsity in one part of a witness' testimony, inconsistent statements at other times, contradictory evidence, and reputation may discredit the witness, such proof goes only to the credibility of the witness, of which the jury remains the sole judge, as well as the weight to be given thereto.

"It follows that, although the jury may reject the false testimony and 'assume regarding the rest of it, an attitude of distrust,' the jurors may render a verdict based upon the testimony of such witness if after examination they find it worthy of belief. · State v. Penna, 35 Mont. 535, 90 Pac. 787; Vande Veegaete v. Vande Veegaete, 75 Mont. 52, 243 Pac. 1082; State v. Hogan, 100 Mont. 434, 49 Pac. (2d) 446. And the extent to which impeaching evidence impaired the credibility of a witness assailed is a question exclusively for the jury. State v. Duncan, 82 Mont. 170, 266 Pac. 400.''

To the same general effect is Jones on Evidence, 4th Ed., sec. 902, Vol 3. There is nothing inherently incredible or improbable in plaintiff's version of what transpired so as to bring the case within the rule of Case v. Northern Pac. R. Co., 60 Mont. 56, 198 Pac. 141, Morton v. Mooney, 97 Mont. 1, 33 Pac. (2d) 262, and kindred cases relied upon by defendant.

The court did not err in denying the motion for nonsuit and directed verdict and so far as this point is concerned the court properly denied the motion for new trial.

Defendant predicates error upon the giving, over his objection, of Instruction No. 12 reading: "You are instructed that the proximate cause of an injury is that cause which in a natural and continuous sequence, unbroken by any new and independent cause, produces the injury, and without which it would not have occurred. You are therefore instructed that if you find from the evidence that the negligence, if any, of the defendant was the proximate cause of the injuries, if any, sustained by the plaintiff, your verdict must be in favor of the

plaintiff.'' Complaint of this instruction is that it mentions ''negligence'' only and that, since this is a guest case, proof of gross negligence is necessary.

Other instructions correctly informed the jury that before plaintiff could recover he must prove grossly negligent and reckless operation of the automobile.

The instructions must be read and considered as a whole, Pollard v. Oregon Short Line R. Co., 92 Mont. 119, 11 Pac. (2d) 271; Tanner v. Smith, 97 Mont. 229, 33 Pac. (2d) 547 and when so read and considered it is clear that the jury were not misled as to the degree of negligence necessary to be shown to warrant recovery.

Defendant complains of the giving of Instruction No. 14 reading: ''You are instructed that if you believe from a preponderance of all of the evidence introduced herein that the defendant in the action, Ed Craney, invited the plaintiff in the action, D. A. Batchoff, to ride in the automobile driven by R. Bailey Stortz from Billings, Montana, to Butte, Montana, and that the said plaintiff, D. A. Batchoff, accepted said invitation, then the said D. A. Batchoff, while so riding in said automobile, was a guest of the defendant, Ed Craney, and the said Ed Craney is liable for any damage or injury caused directly or proximately to the plaintiff if you find from a preponderance of the evidence that there was any damage or injury caused by reason of the grossly negligent and reckless operation of such automobile during said trip by the driver R. Bailey Stortz. You are further instructed that the term gross negligence means the failure to exercise slight care by the driver of the automobile.''

The particular point relied upon by defendant is that the instruction does not require the jury to make a finding of agency relationship between Stortz, the driver of the car, and defendant Craney. If the facts stated in the instruction existed, then as a matter of law the agency relationship of Stortz and defendant followed. Furthermore, Instruction No. 26 made it

plain that such an agency must be shown. That instruction reads:

"You are instructed that you must find your verdict for the defendant, Ed Craney, unless you believe from a preponderance of the evidence that:

"1. Bailey Stortz was the agent of Craney at the time of the accident.

"2. Bailey Stortz was grossly negligent; and

"3. The gross negligence was the proximate cause of the accident."

It is contended by defendant that Instruction No. 26 is in conflict with Instruction No. 14, but we do not so find.

Defendant also contends that Instructions Nos. 15 and 17 conflict with Nos. 14 and 26. They read as follows: Instruction No. 15: "If you find from the evidence in this case that at the time and place mentioned in the pleadings herein and in these instructions R. Bailey Stortz was driving the automobile, mentioned in the pleadings and in these instructions, at the request of the defendant Ed Craney and for the purpose of the said Ed Craney, and Batchoff was riding therein at the invitation of Craney then in such event the defendant Ed Craney is liable for all damages, if any, inflicted by the said R. Bailey Stortz in the driving of the said automobile caused directly and proximately by the failure, if any, of the said R. Bailey Stortz to exercise slight care in the driving of the said automobile, even though the said Ed Craney was not then and there present at the scene of the accident or present while the automobile was being driven."

Instruction No. 17: "You are instructed that if you find from a preponderance of the evidence that on the 2nd day of November, 1940, R. Bailey Stortz was driving an automobile at a point between Billings, Montana, and Butte, Montana on Highway No. 10, approximately three miles east of the town of Big Timber, Montana, and that the plaintiff, D. A. Batchoff, was then riding in said automobile at the invitation of the defendant, Ed Craney, and that at said point on said highway

the said R. Bailey Stortz was driving the said automobile at a speed greater than was reasonable and prudent under the conditions then existing at said point on said highway, and that in so doing the said R. Bailey Stortz was not exercising slight care, then your verdict must be in favor of the plaintiff, D. A. Batchoff, and against the defendant, Ed Craney, for such damage as you find from a preponderance of the evidence, if any, the said D. A. Batchoff sustained and which was caused directly and proximately by the failure of the said R. Bailey Stortz to exercise slight care in the driving of said automobile.''

We fail to see where these instructions conflict with Instructions Nos. 14 or 26. As before stated, if the facts stated in Instructions Nos. 15 and 17 are found, then agency between defendant and Stortz follows as a matter of law.

Complaint is also made of Instructions Nos. 15 and 17 so far as they refer to slight care. Gross negligence is the failure to use slight care. 38 Am. Jur. "Negligence," sec. 47; 45 C. J. 669; Cowden v. Crippen, 101 Mont. 187, 53 Pac. (2d) 98; Nangle v. Northern Pac. R. Co., 96 Mont. 512, 32 Pac. (2d) 11. The jury was so told in Instruction No. 14.

The next assignment of error relates to a remark made by the court during the examination of Dr. Preston, a witness called by defendant. During his examination it was sought to show that plaintiff had made a statement to him during the course of his treatment of plaintiff as his patient. The statement did not involve any privileged communication or information within the established rules as set out in Garret v. City of Butte, 69 Mont. 214, 221 Pac. 537. Apparently on the supposition that the communication might be privileged, defendant's counsel when Dr. Preston was on the stand asked him to inquire of plaintiff whether he gave his permission for the witness to testify and plaintiff told him to go ahead. Plaintiff's counsel likewise made no objection to the testimony on the ground of it being privileged and had expressly so stated. At the conclusion of the doctor's testimony the court made this statement which is assigned as error: ''Personally I don't

want to make any remarks but a doctor should never take the stand like this unless he asked the patient's consent no more than a priest if he was called in and asked about a man's confession." Defendant made no objection to the court's remark, nor did he take any other steps at the time to cure the alleged error.

It is well settled that before a party to an action can complain in this court of remarks made by the trial court during the course of the trial, the point must be preserved by objection and exception made in the trial court. State v. Richardson, 69 Mont. 400, 222 Pac. 418; State v. Tully, 31 Mont. 365, 78 Pac. 760, 3 Ann. Cas. 824. At the time of settling the instructions defendant offered Instruction No. 6-A, reading: "You are instructed that in connection with the testimony of Doctor Stephen N. Preston no matter of ethics was involved in the doctor's giving of the testimony you heard from him, and you are instructed to disregard all reference to ethics made at the time of his examination, either by counsel or by the Court," which was refused.

The court however did give Instruction No. 6-B, reading: "You are instructed that any remarks of the court made during the course of the trial is not binding upon the jury, is not evidence to be considered by you as indicating an opinion of the court as to the merits or demerits of the evidence offered, and should in no wise influence you in arriving at your verdict."

It was not error to refuse offered Instruction No. 6-A since the matter was fully covered by Instruction No. 6-B.

Defendant contends that the remark was of such a character that its effect upon the minds of the jurors could not be removed by an instruction to disregard it. We do not so regard the remark. What was said by the court in Pascoe v. Nelson, 52 Mont. 405, 158 Pac. 317, 318, has application here. It was there said: "Assuming, however, that counsel made the remarks attributed to him, a proper admonition to the jury to disregard them ought to have been sufficient. So long as the jury system is in vogue courts must assume the jurors possess sufficient intelligence and force of character to discharge their

duty when properly directed. To the same effect is Kelley v. John R. Daily Co., 56 Mont. 63, 181 Pac. 326. The remark was not of such character that its effect upon the jury could not be removed by an admonition as was that involved in Pilgeram v. Haas, Mont., 167 Pac. (2d) 339.

Defendant contends that the damages are excessive. Dr. Mc-Mahon examined plaintiff about a week before the trial, which was in March, 1945. He explained in detail the injuries which plaintiff sustained, some of which he described as permanent. No useful purpose would be subserved in setting out all the injuries described by Dr. McMahon. Defendant does not contend that the verdict is excessive if plaintiff sustained the injuries described by Dr. McMahon. His contention is that Dr. McMahon enlarged upon the injuries and that we as well as the trial judge should accept the testimony of Dr. Shields as to the extent of the injuries. Our province is to ascertain whether the evidence viewed in the light most favorable to the prevailing party sustains the verdict. If it does we must sustain the action of the trial judge. It was the jury's province to pronounce between conflicting views contained in the evidence. There being substantial evidence to sustain the verdict, the court properly denied the motion for new trial.

Defendant points out that he offered to prove that plaintiff received $5,532 from the Industrial Accident Board for the same injury for which he sought damages in this action. Under the law, section 2839, Revised Codes 1935, as amended by Chapter 230, Laws of 1943, the employer or insurance carrier is subrogated to the extent of one-half of that received by plaintiff under the Workmen's Compensation Act.

We find nothing in the record to warrant us in saying that the court erred in not finding that the jury was actuated by passion and prejudice in fixing the amount of damages in the sum of $10,000.

The judgment is accordingly affirmed.

Mr. Chief Justice Lindquist and Associate Justices Adair, Morris, and Cheadle, concur.

Rehearing denied September 11, 1946.