MELVIN J. STRONG, Plaintiff and Respondent, v. WALTER DONALD WILLIAMS, Defendant and Appellant.
No. 11673.
Submitted September 18, 1969.
Decided October 22, 1969.
460 P.2d 90.

Garnaas, Murray, Hall & Riley, J. Robert Riley and Harold L. Garnaas, Missoula, argued, for appellant.

Jordan, Campbell & Sheridan, Robert E. Sheridan, Jr., Missoula, argued, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by the defendant from a judgment entered following a $15,000 jury verdict for the plaintiff and from the denial of defendant's motion for a new trial. The district court directed a verdict for the plaintiff on the question of liability, submitting the question of damages to the jury. This ruling is not appealed from.

From the record it appears that plaintiff was injured in an automobile accident which occurred about 10:45 p.m. on May 9, 1968, about one mile east of Missoula, Montana. Plaintiff was driving his 1949 Chevrolet from home to his job at Van Evan Company in Missoula when he was struck from the rear by defendant's automobile. Defendant was apparently travelling much faster than plaintiff and, by his own admission, had fallen asleep at the wheel. As a result of this accident plaintiff's neck was severely strained and he began experiencing neck pains that

subsequently required him to miss many days of work. He ultimately lost his job at Van Evan Company because of so much lost work. Plaintiff has been to several doctors and had had several treatments for his neck. He has not been able to carry on his usual type of work which requires hard, manual labor, and he states that he cannot get a job of this kind because employers do not wish to hire him after learning he has had an accident of this kind. Plaintiff has had several jobs since the accident but lost them shortly because he could not perform the hard work involved. At the time of trial plaintiff was working as a gas station attendant, at a much lower rate of pay than he received at the Van Evan Company.

Defendant assigns six specifications of error on this appeal.

(1) Whether the lower court erred in refusing to allow the defendant to read the original complaint in his opening statement.

Whether the evidence introduced by plaintiff was sufficient to justify the court (2) in giving an instruction on damages for future medical expenses; (3) in giving an instruction on damages for loss of wages; (4) in giving an instruction on damages for impairment of future earning capacity.

(5) Whether the court erred in refusing to give defendant's proposed instruction No. 18.

(6) Whether the evidence was sufficient to justify the verdict.

During the trial defense counsel attempted to read the original complaint in his opening statement. Plaintiff's counsel objected that it had been superseded by the pretrial order. The court sustained the objection. The court did say that counsel could read from the pretrial order which the court thought used almost the same words.

A recent decision of this Court, Fox v. Fifth West, 153 Mont. 95, 454 P.2d 612, is relied on by defendant to support his contention that it was reversible error for the lower court to refuse to allow him to read the original complaint in his opening statement. Our holding in the Fox case applied to the use of the

original complaint in cross-examination and we said there it was harmless error when the lower court refused to allow the defendant to use such complaint since defendant accomplished the same result in his careful, detailed cross-examination of the plaintiff. Here defendant wished to use the complaint in his opening statement to show plaintiff's inconsistent pleadings. This is not the purpose of the opening statement. The practice of reading the original complaint on the opening statement may have had some validity prior to the present Rules of Civil Procedure, but today it is of no value whatever. The defendant had a sufficient opportunity to expose to the jury any discrepancy between the complaint and the pretrial order during his cross-examination. The defendant here did not attempt to bring this matter up on his cross-examination of the plaintiff. Thus the refusal on the part of the court to allow defense counsel to read the complaint in his opening statement, if error at all, was merely harmless error and could easily have been corrected on cross-examination had defendant taken the opportunity to do so at that time.

Issues 2, 3 and 4 concern certain instructions given by the court. The defendant does not object to the form of the instructions given since they were taken from the Montana Jury Instruction Guide. Rather he contends there was not sufficient evidence introduced by the plaintiff which would support the giving of such instructions.

It is well settled in this jurisdiction that wherever there is a conflict in the evidence this Court may only review the testimony for the purpose of determining whether there is any substantial evidence in the record to support the verdict of the jury, and we must accept the evidence there found as true, unless that evidence is so inherently impossible or improbable as not to be entitled to belief. Where the evidence is conflicting, but substantial evidence appears in the record to support the judgment, the judgment will not be disturbed on appeal, and this is especially true when the district court, as

here, has passed upon the sufficiency of the evidence on motion for a new trial and upheld its sufficiency. Batchoff v. Craney, 119 Mont. 157, 172 P.2d 308; Wallace v. Wallace, 85 Mont. 492, 279 P. 374, 66 A.L.R. 587. The evidence must be viewed in the light most favorable to the prevailing party. If that evidence sustains the verdict then we must sustain the action of the trial judge. Batchoff v. Craney, 119 Mont. 157, 172 P.2d 308.

The defendant did not produce any conflicting evidence as to future medical costs of the plaintiff and therefore we must determine whether the evidence submitted by plaintiff was sufficient to give an instruction thereon. The plaintiff testified that he had an appointment to see his doctor within the month concerning his neck. The plaintiff's doctor testified that he believed that the plaintiff would require future medical treatments and also that he predicted it would be at least a year before plaintiff recovered. The plaintiff also submitted several bills he had received for past medical expenses which could be used as guides by the jury to determine any future medical expenses. Thus, the evidence, viewed in the light most favorable to the plaintiff, was sufficient for the jury to be instructed on damages for future medical expenses.

The record is replete with evidence of lost wages. Plaintiff testified that his hourly wage at Van Evan Company was $2.67 and that this would have been raised to $2.77 two months after the accident; that he worked 8 hour shifts from 11:00 p.m. to 7:00 a.m.; that he missed ten days of work in May and that he only worked two days in June; that he finally lost his job at Van Evan Company in July because he missed so much work, and that the amount of wages he has received from jobs, subsequent to losing his job at Van Evan Company, is from 50c to $1.00 an hour less. We agree with the defendant that a verdict cannot be based on speculation or conjecture. However in the present case there is substantial evidence upon which the jury could have found a loss of wages.

■ The defendant also complains that there was insufficient evidence upon which the jury could find damages for future loss of earnings. He contends that the law involved is the same as that involving loss of wages. With this we cannot agree. As we said in Thomas v. Whiteside, 148 Mont. 394, 397-398, 421 P.2d 449, 451.

"Impairment of earning capacity is different from loss of wages. It is the permanent diminution of the ability to earn without proof of actual lost earnings or income. Proof of the injured person's previous health, age, occupation, skills, education, probable number of productive years remaining, physical and mental impairment proximately caused by the injury and similar factors are sufficient to infer a loss of an established earning capacity. (Citing cases.)"

As to earning capacity the plaintiff's doctor testified that the disability would last for at least a year. The plaintiff testified that his health prior to the accident was good enough that he carried on activities such as weight lifting and horseback riding and this he can no longer do. He is 20 years old and has a high school education. Before the accident he was capable of carrying on the heavy manual labor required by his job at Van Evan Company but cannot do so now. Prior to the accident he worked at a lumber mill earning good pay but after the accident the best job he has been able to obtain and keep is that of a filling station attendant. Thus the plaintiff sustained the burden of giving evidence of an impairment of earning capacity and the jury was correctly instructed in the law as to such damages.

■ Defendant's fifth assignment of error is that the court erred in refusing to give his proposed instruction number 18, which read in part as follows: "* * * No award may be allowed for future medical bills, lost wages or pain and suffering.". We stated in Wollan v. Lord, 142 Mont. 498, 504, 385 P.2d 102, 106, "A trial judge will not be held in error for refusing to give instructions where the subject has been adequately covered by other instructions, (citing cases), or where it is not ap-

plicable to the pleadings and the evidence.'' As is evident from the discussion above this instruction was properly refused since it was not applicable to the pleadings and the evidence.

The final issue raised by defendant is whether the evidence was sufficient to justify the verdict. Defendant claims that the verdict was excessive and that it was materially affected by the instructions of the court. In considering this question there is a well established rule set down by this Court which we must take into consideration. In personal injury actions there is no fixed measuring stick by which to determine the amount of damages, other than the intelligence of the jury; that the jury is allowed a wide latitude and unless it appears the amount awarded is grossly out of proportion to the injury as to shock the conscience, this Court will not substitute its judgment for that of the jury, especially where, as here, the trial court has approved the verdict by denying the motion for a new trial. Batchoff v. Craney, 119 Mont. 157, 172 P.2d 308; McNair v. Berger, 92 Mont. 441, 15 P.2d 834; Sullivan v. City of Butte, 87 Mont. 98, 285 P. 184. The award here was for $15,000 of which $400 constituted special damages. The evidence, as we have already indicated, was sufficient for the court to instruct the jury on damages for future medical expenses, loss of wages and impairment of earning capacity. There was no evidence showing that plaintiff suffered from mental and physical pain and suffering which is equally compensable. Viewing the evidence in the light most favorable to the plaintiff it was sufficient to sustain the verdict. The trial court properly denied the motion for a new trial.

The judgment is accordingly affirmed.

MR. JUSTICES CASTLES, JOHN C. HARRISON and HASWELL, and The Honorable THOMAS DIGNAN, District Judge, sitting in place of MR. JUSTICE BONNER, concur.