MARK PAYNE, Plaintiff and Appellant, v. RAYMOND R. SORENSON, Defendant and Respondent.

No. 14113.
Submitted on Briefs Aug. 1, 1979.
Decided Sept. 10, 1979.
599 P.2d 362.

Hash, Jellison, O'Brien & Bartlett, Kalispell, for appellant.

Murphy, Robinson, Heckathorn & Phillips, Kalispell, for respondent.

MR. JUSTICE SHEEHY delivered the opinion of the Court.

Plaintiff Mark Payne appeals from both the judgment entered in favor of the defendant Raymond R. Sorenson and an order denying Payne's motion for a new trial. The cause, a personal injury action, was tried before a jury in the District Court, Eleventh Judicial District, Flathead County.

Payne's injuries arose out of a motor vehicle-pedestrian accident on the night of May 27, 1976. Payne and two companions were driving late that night on a dirt logging road north of Columbia Falls. It was a dark night with no moon, and it was raining intermittently.

Payne and his companions walked to the Northfork road after their car became mired in the muddy logging road. Upon reaching

that roadway, they began walking on the right side toward Columbia Falls, hitchhiking as they went. They were wearing dark clothing and walked with their backs to the oncoming traffic about one to two feet into the roadway from the edge of the oil.

Sorenson completed the "swing shift" at the Anaconda Aluminum plant just north of Columbia Falls at midnight. He and a passenger left the plant for their homes in Columbia Falls about twenty minutes later.

Sorenson dimmed his headlights for an oncoming car just after turning onto the Northfork road from the Anaconda plant road. Sorenson could see the roadway in front of him for a distance of about one block. His headlights were in good condition, and the lights of the oncoming traffic presented no problem. He had his windshield wipers on because of the rain, and his windows were not fogged. He was driving at a speed of between twenty-five and thirty miles per hour in his own driving lane, and he testified nothing distracted his attention from the road while he drove.

Payne was aware that the Sorenson vehicle was approaching him. Prior to the accident, he remarked to his companions "[w]e better get to the edge of the roadway or we are going to get run over."

Sorenson's vehicle struck Payne and his companions after traveling about one hundred yards south of the Anaconda plant turn-off. Sorenson's vehicle left no skid marks and stopped seventy-four feet four inches from the point of impact. The broken glass left in the roadway indicated the vehicle had traveled in a straight line after impact.

Payne was struck immediately in front of the right front headlight approximately one to one and one-half feet from the right side of the vehicle. He suffered a broken pelvis and was hospitalized in traction for three weeks. He still suffers pain from his injuries.

The collision occurred before Sorenson could apply his brakes. He did not see the three young men until immediately before impact. At the trial, Sorenson testified ". . . I saw a hand and face appear right in front of my vehicle just about when I hit it . . . It just

happened like he just turned or stepped right in front of me."

After both sides presented their cases in chief, the District Court instructed the jury that Payne was negligent as a matter of law for failing to walk on the left side of the roadway facing the traffic which might approach from the opposite direction. Section 61-8-506, MCA. The case was then submitted to the jury on a special verdict form. The jury, by a unanimous vote, found Sorenson not guilty of any negligence which might be a proximate cause of the claimed damages.

After judgment was entered on the verdict, Payne moved for a new trial on the grounds the verdict was against the weight of the evidence and the District Court erred in failing to give a number of Payne's proposed instructions. Such motion was denied.

Payne has filed a timely notice of appeal from the judgment entered and the order denying his motion for a new trial.

Payne raises two issues upon this appeal.

1. Is the verdict entered by the jury supported by substantial evidence?

2. Did the District Court err in failing to submit to the jury, Payne's proposed instructions nos. 1, 6, 7, 8, 9, 16, 18 and 21.

Having examined the District Court record and the briefs of both parties, we are compelled to hold in favor of Sorenson on both issues.

Under Montana law, a motorist has a duty to look not only straight ahead but laterally ahead as well and to see that which is in plain sight. Furthermore, a motorist is presumed to see that which he could see by looking, and he will not be permitted to escape the penalty of his negligence by saying that he did not see that which was in plain view. *Nissen v. Johnson* (1959), 135 Mont. 329, 333, 339 P.2d 651, 653; *Sorrells v. Ryan* (1955), 129 Mont. 29, 281 P.2d 1028; *Koppang v. Sevier* (1938), 106 Mont. 79, 75 P.2d 790. If a motorist does not keep a proper lookout, a jury may find him negligent.

Payne contends Sorenson was negligent as a matter of law in

view of both the facts involved here and the above law promulgated by this Court. Therefore, the jury's finding that Sorenson was not guilty of negligence which was a proximate cause of the claimed damages is not supported by the evidence. Furthermore, he contends the District Court erred in refusing Payne's proposed instruction no. 17, which would have instructed the jury that Sorenson was negligent as a matter of law.

■ We cannot agree with these contentions. As pointed out by counsel for Sorenson, the line of cases cited by Payne recite correct law, but they have no application to the facts of this case. Clearly, a person is negligent in either not looking or looking but not seeing if he claims not to have seen an object which is so clearly visible that all reasonable minds would agree the person must see the object if he were to look with reasonable diligence. Here, however, all reasonable minds could not agree that Payne was clearly visible. Payne was wearing dark clothing on a coal black, rainy night and was walking in the travel portion of a wet highway with his back to the oncoming traffic.

■ The questions of negligence and proximate causation are legal questions for the Court only where the Court is able to see from the undisputed facts that the injury was proximately caused by the defendant's actions. *Holland v. Konda* (1963), 142 Mont. 536, 544, 385 P.2d 272, 276. Where conflicting evidence is presented at trial, the issues of negligence and proximate causation must be decided by the jury under appropriate instructions. This Court will not disturb the jury's determination if the evidence in the record, when fully considered, furnishes reasonable grounds for different conclusions. *Koppang v. Sevier, supra;* and *Autio v. Miller* (1932), 92 Mont. 150, 11 P.2d 1039.

Payne next contends that the District Court erred in failing to submit to the jury his proposed instructions nos. 1, 6, 7, 8, 9, 16, 18, and 21. This contention is also without merit.

■ It is not reversible error for a District Court to refuse an offered instruction unless such refusal affects the substantial rights of the party proposing the instruction thereby prejudicing him.

*Kuchan v. Harvey* (1978), 179 Mont. 7, 585 P.2d 1298, 1301; *Holland Furnace Company v. Rounds* (1961), 139 Mont. 75, 360 P.2d 412.

A party is not prejudiced by the failure to give an offered instruction where the subject matter is adequately covered by other instructions submitted by the Court to the jury. Likewise, such a party is not prejudiced by such a refusal where the subject matter of the proposed instruction has no application to the facts of the case and is not supported by the evidence introduced at trial. *Butler Manufacturing Co. v. J. & L. Implement Co.* (1975), 167 Mont. 519, 528, 540 P.2d 962, 967; *Strong v. Williams* (1969), 154 Mont. 65, 70-71, 460 P.2d 90, 93.

Payne's proposed instructions nos. 1, 6, 7, 8, and 21 explain both the duty of a motorist to keep a proper lookout and the "plain view" presumption. This subject matter was adequately covered by the District Court's instructions nos. 2, 7, and 8. Therefore, Payne suffered no prejudice in the refusal of his proposed instructions. *Butler Manufacting Co. v. J. & L. Implement Co., supra; Strong v. Williams, supra.*

Payne's proposed instruction no. 9 reads "[i]t is negligent to drive a motor vehicle during the night time at such a speed that it cannot be stopped within a radius of its headlights or within a distance that objects and obstructions and danger signals can be seen ahead of it." Similarly, his proposed instruction no. 16 outlines the distance that headlights on low beam intensity are requied by Montana statute to illuminate. Section 61-9-220, MCA. Taken together, these two instructions present the "assured clear distance ahead" doctrine.

This doctrine has no application to the facts involved here and is not supported by the evidence in the record. Payne produced no evidence at the trial indicating that Sorenson could not have stopped his motor vehicle within the radius of his headlights or that his headlights did not comply with Montana law. Therefore, it was not error to refuse Payne's proposed instructions nos. 9 and 16. *Butler Manufacturing Co. v. J. & L. Implement Co., supra; Strong v. Williams, supra.*

■ Payne's proposed instruction no. 18 explains the doctrine of last clear chance. Once again, Payne did not lay a sufficient foundation at trial to support submitting this instruction to the jury. The District Court was correct in refusing it. *Butler Manufacturing Co. v. J. & L. Implement Co., supra; Strong v. Williams, supra.*

We feel compelled to note here, however, that nothing in this opinion is to be construed as either approving or disapproving the continued validity of the doctrine of last clear chance under Montana's comparative negligence statute. The authorities are divided on this issue, and we will wait until the question is more squarely presented on the facts to decide it.

The question of Sorenson's alleged negligence being the proximate cause of Payne's claimed damages was properly submitted to the jury under instructions fair to Payne. The jury verdict in favor of Sorenson is supported by substantial evidence and will not be disturbed. The judgment of the District Court and the order denying Payne's motion for a new trial are affirmed.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, HARRISON and SHEA.