No. 80-312

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

DAVID R. WAATTI,

Plaintiff and Appellant,

vs.

JACK M. DOLLAN,

Defendant and Respondent.

---

Appeal from:  District Court of the Eleventh Judicial District,
In and for the County of Flathead.
Honorable James Salansky, Judge presiding.

Counsel of Record:

For Appellant:

Hash, Jellison, O'Brien and Bartlett, Kalispell, Montana

For Respondent:

Murphy, Robinson, Heckathorn & Phillips, Kalispell,
Montana

---

Submitted on briefs:  May 15, 1981

Decided:  July 9, 1981

Filed: JUL 9 - 1981

*Thomas J. Kearney*

_____
Clerk

Mr. Chief Justice Frank I. Haswell delivering the Opinion of the Court.

In an action by plaintiff for damages resulting from personal injuries suffered when thrown from a horse, the jury returned a verdict for defendant and judgment was entered thereon. Following denial of his post-trial motions, plaintiff appeals from the judgment and denial of his motion for a new trial.

The accident in question occurred about 1:00 p.m. on May 31, 1975, on the Hubbard Dam road southwest of Kalispell, Montana. Plaintiff David Waatti was helping herd about 200 head of cattle from a ranch near Lonepine to a summer pasture near Bitterroot Lake. The cattle were being driven in a northerly direction by several riders including Paul Heidegger, the owner of the cattle; Willard Hallstrom; and plaintiff Waatti. The accident occurred on a stretch of road bounded on the east by a high 45-degree bank abutting the roadway and not separated from it by a ditch. The road at the accident scene was wide enough for two cars to pass.

Defendant Jack Dollan was driving his 1973 station wagon northerly in the same direction as the herd and approaching it from the rear. Heidegger and Hallstrom were working the back of the herd and plaintiff the front. Heidegger led Dollan's automobile through the herd until they reached a point where only 10 or 12 cows were in front of them. At this point, Heidegger returned to the rear of the herd.

Plaintiff was aware that defendant's automobile was traveling through the herd and started working his horse over to the east side of the road. Defendant testified that he was traveling in low gear at a speed of 3 or 4 miles an hour trying to get around a cow that was zigzagging back and forth in front

-2-

of him. The right front of the car struck the horse plaintiff was riding causing it to lunge onto the steep bank abutting the roadway. The horse was having difficulty getting its footing, made another lunge and plaintiff was thrown backwards off the horse striking either the ground or defendant's automobile. Plaintiff testified that at the time of impact between the car and his horse, he was right next to the bank where it met the roadway.

After throwing plaintiff off, the horse scaled the bank, returned to the road and proceeded southerly through the herd. As a result of the accident, plaintiff received a broken shoulder, cracked ribs and other injuries.

Plaintiff sued defendant for damages resulting from his injuries, alleging negligence on the part of defendant Dollan. Defendant denied negligence and proximate cause and affirmatively alleged contributory negligence by plaintiff Waatti. The accident occurred prior to enactment of Montana's comparative negligence statute.

The case was tried to a jury on March 17 to 19, 1980, in the District Court of Flathead County. The jury returned a verdict for defendant. In addition to finding a verdict in favor of defendant and against plaintiff on the typed verdict form, the jury included the following statement in the handwriting of and signed by the jury foreman on the bottom of the typewritten verdict form:

> "We, the Jury in the above-entitled action, find in favor of the defendant as we find contributory negligence on the part of the plaintiff."

Judgment was entered on the jury verdict. Plaintiff moved for judgment notwithstanding the verdict on the issue of liability and a new trial on the issue of damages, or alternatively for a new trial on all issues. The basis of the motions was

-3-

the giving of a jury instruction on contributory negligence and the insufficiency of the evidence to support the verdict. Following the District Court's denial of his motions, plaintiff appeals from the judgment and denial of his motions for a new trial.

Plaintiff and appellant assigns the following issues for review on appeal:

1. Sufficiency of the evidence to support the verdict.

2. Giving defendant's proposed instruction no. 3.

3. Refusal to give plaintiff's proposed instruction nos. 6, 9, and 11.

Appellant's principal contention is that there is no evidence to support the jury verdict finding contributory negligence by defendant. He argues that the testimony conclusively establishes an absence of contributory negligence in that plaintiff moved his horse to the far right of the roadway when he observed defendant's vehicle approaching; that he could not move his horse farther because of the steep bank abutting the road; that defendant's car was two to three feet from the bank when its right front bumper struck plaintiff's horse; and that the roadway was sufficiently wide to permit two cars to pass.

We disagree. A review of the evidence supports at the least an inference that plaintiff and appellant was contributorily negligent in failing to keep his horse under proper control and in failing to assist defendant's car through the remainder of the herd after Heidegger's assistance was discontinued. The testimony of Heidegger and plaintiff himself establish these permissible inferences creating a factual issue on contributory negligence which the jury resolved in favor of the defendant by

-4-

its verdict. We hold the evidence sufficient to support the verdict and the judgment entered thereon.

Appellant further contends it was reversible error to give defendant's proposed instruction no. 3, reading as follows:

> "Contributory negligence is negligence on the part of a claimant which contributed as a proximate cause to his injury. (A person who is contributorily negligent cannot recover for any injury or damage sustained by him.)"

This instruction is MJIG instruction no. 4 verbatim. No objections were made to the form or language of the instruction. The ground of the objection was "that there is no credible evidence in the record whatsoever indicating any negligence whatever on the part of the plaintiff Dave Waatti in the management of his horse." On settlement of instructions, the district judge indicated he was giving the instruction because he thought "there is still a jury question here." We agree there was a jury question under the evidence in the case for the reasons heretofore stated. Accordingly, there was no error in giving this instruction on contributory negligence and its effect.

Plaintiff and appellant assigns error in the District Court's failure to give his proposed instruction nos. 6, 9, and 11. These instructions all relate to the issue of defendant's negligence. Since the jury based its verdict on plaintiff's contributory negligence, the failure to give these instructions could not have affected the verdict. Assuming, arguendo, that failure to give these instructions was error, the error was harmless in any event as it could not prejudice any substantial right of plaintiff and appellant. Rule 61, M.R.Civ.P.; Payne v. Sorenson (1979), ___ Mont. ___, 599 P.2d 362, 36 St.Rep. 1610.

Affirmed.

_____
Chief Justice

-5-

We Concur:

_____

_____

_____

_____
                          Justices