No. 91-227

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1992**

KELVIN DILLARD,

        Plaintiff and Appellant,

  -vs-

JOHN DOE, and THE STATE OF MONTANA,

    **Defendants and Respondents.**



APPEAL FROM:   District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      James A. Manley; Manley Law Offices, Polson, Montana

      For Respondents:

      Hon. Marc Racicot, Attorney General, Betsy
Brandborg, Assistant Attorney General, Helena
Montana


            Submitted on Briefs:  August **29, 1991**

                  Decided:  January 28, 1992

Filed:

                    Clerk

Justice Karla M. Gray delivered the Opinion of the Court

The appellant, Kelvin Dillard, appeals from an order of the District Court of the Twentieth Judicial District, Lake County, granting summary judgment in favor of the respondents, John Doe and the State of Montana.   We affirm in part, reverse in part and remand for further proceedings.

The sole issue on appeal is whether the District Court erred in granting summary judgment to the respondents.

Early on the morning of January 9, 1989, the appellant, Kelvin Dillard, was walking from his home on Fulkerson Lane near Flathead Lake to work the 7:00 a.m.  shift at Flathead Lumber in Polson, Montana.   It was dark, windy and snowing as the appellant followed Highway 35 west into Polson.   Wearing a Levi coat, jeans, and a black hat and carrying his yellow hard hat, he walked next to the highway delineator posts with his back to the wind and blowing snow and to traffic headed in the same direction as he was.   It did not appear to the appellant that the highway had been plowed yet.

The appellant testified in his deposition that as he walked "I kept turning around and looking behind me hopefully to thumb a ride with a car and watching out for the plow because I didn't want to get hit.   I seen the plow as it rounded the corner at Fulkerson Hill."   He knew the approaching vehicle was a snowplow because he could see the flashing yellow lights and hear the scraper.

The appellant's testimony of the events which occurred after he saw the snowplow round the corner is as follows:

A.   I saw [the snowplow].   I says to myself, "Before that guy gets up here, I've got to get on the other side of the ditch, or I'm going to be buried in snow."   I maybe walked another 25, 30 yards, stopped, hung my hard hat on the reflector, bent over to light a cigarette, and that's when I caught the reflection of his yellow flashing light in the snow and (indicating), he got me.

Q.   With what did he get you?

A.   I believe it was the blade.

The appellant was between the fogline and the delineator post with one foot on the pavement when he was hit.   The snowplow continued on, its operator apparently unaware of what had occurred.

On August 7, 1989, the appellant filed suit against the operator of the snowplow, named in the complaint as John Doe, and the State of Montana alleging negligence and seeking to recover general, special and punitive damages.   During discovery, the respondent State of Montana filed a motion for summary judgment. A hearing on the motion was held on January 16, 1991.   Thereafter, the District Court granted summary judgment in favor of the respondents.

In its memorandum and order granting summary judgment the District Court first determined that the appellant was negligent as a matter of law.   The court determined that the appellant was negligent in that: (1) he violated § 61-8-506, MCA, which requires a pedestrian to walk only on the left side of the roadway facing traffic which may approach from the opposite direction; (2) he violated § 61-8-507, MCA, which prohibits standing in a roadway for the purpose of soliciting a ride; and (3) after hearing and seeing the snowplow, he "walked 25 yards further, stopped, hung his hard

3

hat on the highway delineator post and bent slightly to light a cigarette with his back still to the traffic when he was hit either by the snowplow [blade] or by thrown snow."

The snowplow operator had not yet been deposed at the time of the hearing on the motion for summary judgment. The District Court found that the appellant's factual allegations failed to establish any negligence on the part of the snowplow operator and that the record was devoid of any evidence of negligence by the respondents. The court went on, however, for purposes of the summary judgment motion only, to infer and assume negligence by the respondents based on the appellant's allegations, even though those allegations were not supported by facts on the record. Assuming first that the snowplow was owned by the State and operated by its employee, John Doe, at the time of the accident, the court went on to assume that the snowplow operator was negligent in failing to keep a proper lookout, failing to maintain control of his vehicle, driving too close to the appellant and driving too fast.

The District Court then concluded that reasonable minds could not differ on the issue of comparative negligence: the appellant's negligence far exceeded the respondents' negligence. Thus, the court ruled that the respondents were entitled to summary judgment as a matter of law.

Did the District Court err in granting the motion for summary judgment?

In order for summary judgment to issue, the movant must demonstrate that there is no genuine issue as to facts deemed

4

material in light of the substantive principles entitling the movant to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Frigon v. Morrison-Maierle, Inc. (1988), 233 Mont. 113, 117, 760 P.2d 57, 60. If the movant meets this burden, the burden then shifts to the non-moving party to demonstrate a genuine issue of material fact. Frigon, 233 Mont. at 117, 760 P.2d at 60.

Ordinarily, issues of negligence are questions of fact not susceptible to summary adjudication. Brohman v. State (1988), 230 Mont. 198, 201, 749 P.2d 67, 69. Liability should not be adjudicated upon a motion for summary judgment where factual issues concerning negligence and causation are presented. Duchesneau v. Silver Bow County (1971), 158 Mont. 369, 377, 492 P.2d 926, 931. However, in certain cases where reasonable minds could reach but one conclusion as to the cause of an accident, questions of fact may be determined as a matter of law. Brohman, 230 Mont. at 202, 749 P.2d at 70, (citing Hartley v. State (Wash. 1985), 698 P.2d 77, 81).

Here, the factual issues that were determined as a matter of law by the District Court were that the appellant was negligent and that his negligence exceeded the presumed negligence of the respondents. Thus, the question we must determine on appeal is whether the District Court correctly concluded that reasonable minds could not differ under the factual circumstances presented in this case. In so doing, we will follow the District Court in presuming certain acts of negligence by the respondents as established fact for purposes of appeal.

5

The appellant's negligence is clear on the record before us. He failed to walk on the left side of the roadway facing traffic which may approach from the opposite direction, in violation of § 61-8-506(2), MCA. In addition, instead of moving farther off the roadway after he became aware of the approaching snowplow, the appellant walked another twenty-five to thirty yards with his back still to traffic, stopped, hung his hard hat on the delineator post, and bent over to light a cigarette; only then was he hit either by the snowplow blade or by thrown snow. There can be no doubt that, given the darkness and blowing snow, this conduct by the appellant constitutes negligence.

We disagree, however, with the District Court's determination that the appellant's negligence is also evidenced by a violation of § 61-8-507, MCA, which prohibits standing in the roadway for the purpose of soliciting a ride. Although the appellant's deposition testimony indicated that before he stopped to light a cigarette he would look behind as he walked in hopes of thumbing a ride, nothing in the record supports a finding that the appellant was at any time standing in the roadway for the purpose of soliciting a ride, as prohibited by § 61-8-507, MCA. Nevertheless, we conclude that the District Court correctly determined that the appellant was negligent as a matter of law. Given the clear evidence in the record, we hold that reasonable minds could not differ as to the appellant's negligence. Thus, the respondents are entitled to summary judgment on the issue of the appellant's negligence.

Balanced against the appellant's negligence are certain acts of presumed negligence by the snowplow operator: that he failed to keep a proper lookout, did not maintain control of his vehicle, drove too close to the appellant and drove too fast. As previously stated, the District Court concluded that the appellant could not prevail on the issue of comparative negligence based on its determination that reasonable minds could not differ in finding that the appellant's actual negligence "far exceeded" the respondents' presumed negligence.

In our view, however, the amount of presumed negligence on the part of the respondents is substantial. The presumed actions and omissions of the snowplow operator would constitute a violation of § 61-8-302, MCA, which requires operating a vehicle in a careful and prudent manner and § 61-8-303, MCA, which requires operating a vehicle in a careful and prudent manner and at a rate of speed no greater than is reasonable under existing conditions. In addition, the snowplow operator had a duty to look not only straight ahead but laterally ahead as well and the law presumes that he saw that which was in plain view. Payne v. Sorenson (1979), 183 Mont. 323, 326, 599 P.2d 362, 364. Here, it is presumed that the snowplow operator failed to keep a proper lookout and, thus, failed to see that which was in plain view.

Both parties agree that in cases where there is evidence of negligence by both parties, it is generally for the factfinder to determine the comparative degree of negligence. Reed v. Little (1984), 209 Mont. 199, 206-07, 680 P.2d 937, 940-41. However, the

7

respondents assert that this is an extraordinary case in which the parties' comparative negligence can be determined as a matter of law. They contend that the factual circumstances of the present case are similar to those in Brohman v. State **(1988),** 230 Mont. 198, **749** P.2d **67,** in which we affirmed a grant of summary judgment which was based on the district court's determination, as a matter of law, that the plaintiff's negligence exceeded the presumed negligence on the part of the State. In Brohman, the State was presumed to have been negligent for failing to warn of a no-passing zone. Contrasted to the State's presumed negligence was the plaintiff driver's negligence in attempting to pass in a no-passing zone, at night, in a snowstorm, with obscured visibility. We held that under the circumstances presented, reasonable minds could not differ in finding that the plaintiff's negligence clearly exceeded the State's presumed negligence and was the proximate cause of the resulting accident. Brohman, 230 Mont. at 205, 749 P.2d at 72.

Unlike the situation in Brohman, we cannot conclude in the case before us that the issue of comparative negligence can be determined as a matter of law. Here, there is substantial, active negligence by both parties (although at this point the respondents' negligence is only assumed) at the very moment the accident occurred. Given the quantum of presumed negligence on the part of the respondents, reasonable minds could differ on the issue of the parties' comparative negligence. Thus, we hold that the District Court erred in determining, as a matter of law, that the

8

appellant's negligence far exceeded the presumed negligence of the respondents.

The respondents assert that the appellant's negligence was the sole proximate cause of the accident and, therefore, the District Court properly granted summary judgment in their favor. Given our holding in this case with respect to comparative negligence and the fact that it remains to be seen, after sufficient further development of the record, whether any actual negligence on the part of the respondents can be shown by the appellant, we will not address the issue of proximate causation.

Affirmed in part, reversed in part and remanded for further proceedings.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

January 28, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order **was** sent by United States mail, prepaid, to the following named:


James A. Manley
Manley Law Offices
201 Fourth Ave. E.
Polson. MT  59860

Betsy Brandborg, Asst. Atty. General
Risk Management & Tort Defense Div.
Rm.  111, Mitchell Bldg..
Helena, MT  59620


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY _____
Deputy