CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Edith White was injured in an automobile accident when the vehicle in which she was riding struck a moose on the highway and rolled over. She and her husband, Donald White, brought this action in the District Court for the Twenty-first Judicial District, Ravalli County, to recover their damages. The District Court granted the summary judgment motions of defendants Robert Lynds, Shirley Murdock and the State of Montana. We affirm.
The issue is whether disputed issues of material fact preclude summary judgment.
This case arose out of two motor vehicle accidents on U.S. Highway 93 between Hamilton and Darby, Montana, at approximately 10:45 p.m. on August 21, 1991. Defendant Lynds was driving south at a speed of 50 to 55 miles per hour in a rented Winnebago motor home. It was a clear, dark night and the road was dry. Just north of Darby, at milepost 34.3, an 800- to 900-pound moose suddenly entered the highway five to eight feet in front of the motor home. The motor home struck the moose before Lynds was able to bring it to a controlled stop 300 to 600 feet further down the highway. Lynds does not remember actually seeing any oncoming vehicles at the time the motor home struck the moose, but he was certain he had his headlights dimmed in anticipation of oncoming traffic.
The accident pushed the radiator against the engine block and the motor home began to fill with steam or smoke. After Lynds checked to make sure the moose was not in the immediate vicinity of the disabled motor home, he and his family got out. Lynds then became aware that another vehicle was possibly in trouble when he heard voices and saw headlights shining at an unnatural angle to the road.
Plaintiff Edith White was a passenger in the front seat of the second motor vehicle, a Ford Bronco driven by her niece, defendant Shirley Murdock. Murdock, her two children, her niece, and White had been visiting White’s daughter. Murdock turned north onto *389 Highway 93 from White’s daughter’s private driveway, which was located approximately one-tenth of a mile south from where Lynds struck the moose.
When Murdock first saw the dead or dying moose, it was lying on the road in her lane of traffic near the center line, approximately two car lengths ahead of her. She swerved to miss the moose but hit it with the tires on the driver’s side of the Bronco. She lost control and the vehicle rolled. Murdock’s estimated speed at the time of impact was 25 to 30 miles per hour. Neither Murdock nor White recalls seeing the Lynds vehicle before or during the accident.
Lynds, Murdock, and the State of Montana were the only remaining defendants in this action when they moved for summary judgment in the District Court. The Whites asserted that these three defendants were negligent and that their negligence was an actual and proximate cause of Edith White’s injuries sustained in the accident. The defendants argued that the undisputed material facts show that both accidents were unavoidable “acts of God” and that they were not liable as a matter of law.
The parties filed deposition testimony by Lynds, Murdock, Edith White, highway patrol officer Charles Gorman, and State of Montana Highway Department employees Rusty Wrigg and Darrell Daw. After reviewing the deposition testimony and the arguments and briefs of the parties, the District Court granted summary judgment in favor of defendants Lynds, Murdock, and the State. The court found that the Whites presented no evidence, other than speculative conjecture, which would raise material questions of fact as to whether Lynds or Murdock failed in their duty to act as reasonable persons under the circumstances. The court found that the Whites were not able to establish the element of proximate cause against the State. Concluding that the Whites had failed to sustain their claims of negligence against any of the defendants, the court dismissed the action with prejudice.
Do disputed issues of material fact preclude summary judgment?
Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.R This Court’s standard of review is the same as that of the district court. Knight v. City of Missoula (1992), 252 Mont. 232, 243, 827 P.2d 1270, 1276.
A negligence action requires proof of four elements: (1) existence of a duty; (2) breach of the duty; (3) causation; and (4) damages. If the plaintiff fails to offer proof of one of these elements, the action *390 in negligence fails and summary judgment in favor of the defendant is proper. U.S. Fidelity and Guar. Co. v. Camp (1992), 253 Mont. 64, 68, 831 P.2d 586, 589. The causation element requires proof of both cause in fact and proximate cause. Kitchen Krafters v. Eastside Bank (1990), 242 Mont. 155, 167-68, 789 P.2d 567, 574.
The Whites maintain they have established questions of fact as to whether both Lynds and Murdock should have seen the moose before they did and as to whether Lynds failed a duty to warn Murdock of the moose in the road. They cite this Court’s opinion in Dillard v. Doe (1992), 251 Mont. 379, 824 P.2d 1016, as authority that, in a summary judgment motion, the court must presume that a breach of duty occurred. That was not the holding of Dillard.
Dillard was a comparative negligence case in which the plaintiff was injured when a snowplow hit him while he was walking on a roadway. For purposes of a motion for summary judgment, the district court was asked to assume that defendant snowplow driver was negligent. Given that assumption, the court was asked to rule whether, as a matter of law, the plaintiff’s negligence was greater than defendant’s, thus barring recovery. The court answered “yes” and granted summary judgment for defendant. This Court reversed on that issue. Remanding, this Court stated “it remains to be seen after sufficient further development of the record, whether any actual negligence on the part of the [defendant] can be shown by the [plaintiff].” Dillard, 824 P.2d at 1020.
The Whites also cite language from Payne v. Sorenson (1979), 183 Mont. 323, 326, 599 P.2d 362, 364, which was recently quoted in Oklaand v. Wolf (1993), 258 Mont. 35, 40-41, 850 P.2d 302, 306:
Under Montana law, a motorist has a duty to look not only straight ahead but laterally ahead as well and to see that which is in plain sight. Furthermore, a motorist is presumed to see that which he could see by looking, and he will not be permitted to escape the penalty of his negligence by saying that he did not see that which was in plain view.
This language only establishes a presumption of negligence where there is evidence of something “which he could see by looking” or “which was in plain view.” As discussed below, no such evidence was produced in this case. Further, neither Payne nor Okland is analogous to the present case.
In Payne, the appealing plaintiff argued that the defendant was negligent as a matter of law and that the question of defendant’s negligence was erroneously submitted to the jury. We rejected that *391 argument, in the absence of evidence that all reasonable minds could agree on the issue. Payne, 599 P.2d at 364.
In Okland, the plaintiff produced evidence of defendant’s negligence, including the testimony of an eyewitness off-duty police officer and expert testimony by an accident reconstructionist. Both witnesses testified that the defendant should have seen the plaintiff before the collision. Okland, 850 P.2d at 305-06.
Here, the Whites have produced no evidence whatsoever in support of their position that Lynds was negligent. Lynds was not ticketed and the investigating highway patrol officer testified that Lynds could not have avoided hitting the moose under the circumstances of this case. It was a dark night, and a dark moose suddenly came onto the road directly in front of Lynds. There was no evidence that Lynds was looking other than where he should have been or that it was possible for him to have seen the moose any sooner than he did.
As to a duty to remove the moose from the highway after he hit it, Lynds’ uncontradicted testimony demonstrated that he simply did not have enough time to do anything to warn Murdock of the possibility of a moose in the road. The Bronco had already rolled by the time Lynds got his family out of the motor home. There was additional testimony that three men working together were unable to move the moose carcass, and that a truck was finally used to drag it off the road. We conclude that the District Court did not err in ruling that the Whites have failed to establish material issues of fact concerning whether Lynds breached a duty.
Next the Whites argue that the bare facts of the accident involving the Bronco supply enough evidence that Murdock failed to act as a reasonable person to defeat her motion for summary judgment. To establish material questions of fact, the party opposing summary judgment must set forth specific facts and cannot rely on speculative, fanciful, or conclusory statements. Sprunk v. First Bank System (1992), 252 Mont. 463, 466, 830 P.2d 103, 105. The Whites presented nothing other than their conclusory statement in support of their position that Murdock should have seen the moose sooner than she did and that she did not react as a reasonable, prudent person would be expected to react. The opinions in the depositions of the investigating highway patrol officer, Murdock herself, and Edith White do not establish anything Murdock did which was inappropriate or negligent. Because the Whites have produced no evidence upon which a jury could, without relying upon speculation or conjecture, conclude that Murdock failed to act as a reasonable person, we hold *392 that the District Court did not err in ruling that they failed to establish a material question of fact as to whether Murdock breached a duty.
Finally, the Whites contend there is a factual question as to whether the absence of moose hazard signs caused or contributed to this accident and is attributable to the State. They maintain that the “substantial factor” test of causation is appropriate in this case, rather than the “but for” test. The substantial factor test is applied only when each of several acts, alone, could have caused the damages. Kitchen Krafters, 789 P.2d at 574. Here, it cannot be said that the absence of warning signs alone could have caused Edith White’s injuries. The “but for” test applies.
Additionally, no evidence was produced that there was an established or known moose crossing place at or near milepost 34.3, where these accidents occurred. State highway department employees testified that there had been a known moose crossing several miles up the road, and that warning signs had, in the past, been posted there. However, they also testified that the signs had been repeatedly stolen and after the road was rebuilt and the slough which had formerly attracted moose to that area was drained, it was decided that the signs would not be replaced.
Even if the signs had remained posted, Lynds testified that he did not believe his increased caution as a result of reading the warnings would have enabled him to see the moose earlier than he did or to avoid hitting the moose. The signs had been posted north of where Murdock encountered the moose. Because she was traveling north, she would not have come across the signs before she encountered the moose. The Whites have not produced rebuttal evidence on these points. We hold that the District Court did not err in ruling that the Whites have failed to establish material issues of fact as to whether actions or inactions of the State of Montana proximately caused their damages.
Affirmed.
JUSTICES HARRISON, GRAY, NELSON and WEBER concur.