No. 83-208

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

RAY RASMUSSEN and PAULINE RASMUSSEN,

        Plaintiffs and Appellants,

  -vs-

LARRY C. BENNETT, CLIFFORD HARDEN,
DANIEL P. JAMES, DONALD WHITING,
and NELSON DAVES,

        Defendants and Respondents.

---

APPEAL FROM:  District Court of the Ninth Judicial District,
In and for the County of Toole,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        James C. Bartlett argued; Hash, Jellison, O'Brien
and Bartlett, Kalispell, Montana

    For Respondents:

        John P. Paul argued; Alexander & Baucus, Great Falls,
Montana

---

                Submitted:   November 3, 1983

                Decided:   November 23, 1983

Filed:  NOV 23 1983

*Ethel M. Harrison*

---
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order granting summary judgment in a libel and slander action filed in the District Court of the Ninth Judicial District, State of Montana, in and for the County of Toole.

The appellant opens the introduction of his brief with the statement "the facts of this case are a mess." With that statement we are in total accord. Late in this year of 1983, this Court is called upon to consider disputed facts that began in March, 1968. In addition, in a summary judgment decision, we are faced with a situation where the District Court that granted the summary judgment, did not have available to it the depositions of the four defendants, a fact unknown to either counsel until the record on appeal was prepared. In view of the complicated issues raised by this appeal, and the length of the hibernation period that this case lay at rest unattended by the caretakers of our judicial system, we find it necessary to remand the cause to the trial court with the four depositions for reconsideration.

The four issues raised for our consideration are:

(1) whether the defendants are liable under state law for libel and slander;

(2) whether the defendants can properly claim a privilege or qualified privilege on religious grounds;

(3) whether the defense of truth, based on religious grounds is applicable;

(4) whether the District Court erred in granting

summary judgment for defendants, in that there remain material questions of fact that ought to be litigated and tried on the merits; and whether the District Judge erred in granting summary judgment when it did not have available to it the four depositions for review.

As previously noted it is this final issue we find controlling, necessitating a return to the trial court. While the District Court disputed on several facts in the case, it found they were not relevant because of a letter from the Watchtower Bible and Tract Society of New York Inc., dated August 3, 1982, which controlled the litigation. Had the court had before it the depositions, it is possible that it could have ascertained that there was sufficient evidence to go to a jury.

Rule 56(c) M.R.Civ.P., provides that summary judgment is proper if: " * * * the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In Harlan v. Anderson (1976), 169 Mont. 447, 450, 548 P.2d 613, 615, this Court commented on the above rule:

> "This Court has on many occasions commented upon the nature of the burden of proof imposed on the moving party under Rule 56. The Court has consistently held that the party moving for summary judgment has the burden of showing the complete absence of any genuine issue as to all facts which are deemed material in light of those substantive principles which entitled him to a judgment as a matter of law. We have also held the rule operates to hold the movant to a 'strict standard' and that:
>
> "' * * * To satisfy his burden the movant must make a showing that is quite clear what the truth is, and that excludes any

> real doubt as to the existence of any
> genuine issue of material fact. * * *'
> Kober & Kyriss v. Stewart & Billings
> Deaconess Hospital, 148 Mont. 117, 122,
> 417 P.2d 476, 478."

Where as here, the court did not have the depositions before it, and quite possibly did not have all the facts before it, summary judgment was improperly granted.

Summary judgment is set aside and the cause is returned to the District Court for further consideration.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Mr. Justice John C. Sheehy, specially concurring:

It has been a long time coming but the Court has now at least partially reversed Mustang Beverage Co., Inc. v. Joseph Schlitz Brewing Company (1973), 162 Mont. 243, 511 P.2d 1.

_____
Justice

-4-