No. 95-071

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

---

JAMES R. BURCHARD,

Plaintiff and Appellant,

v.

MINNIE GREGORY, UNITED MATERIALS
OF GREAT FALLS, INC., and John
Does A through E,

Defendants and Respondents.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James R. Burchard, Pro Se, Port Orchard, Washington

J. Mayo Ashley, Attorney at Law, Helena, Montana

For Respondents:

Lon T. Holden; Jardine, Stephenson, Blewett &
Weaver, Great Falls, Montana (for Minnie Gregory)

Paul R. Haffeman; Cure, Borer & Davis, Great Falls,
Montana (for United Materials of Great Falls)

**FILED**

APR 15 1996

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: September 28, 1995

Decided: April 15, 1996

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

James Burchard appeals from the judgment entered by the Eighth Judicial District Court, Cascade County, on its orders granting defendants' motions for summary judgment. We affirm.

The sole issue on appeal is whether the District Court erred in granting summary judgment in favor of Minnie Gregory and United Materials of Great Falls, Inc.

At approximately 11:00 p.m. on July 12, 1989, appellant James Burchard (Burchard) was driving his pickup truck and fifth-wheel trailer eastbound in the inside lane of 10th Avenue South in Great Falls, Montana. His wife and a young relative also were in the cab of Burchard's pickup. The weather was rainy and windy, and the portion of 10th Avenue South on which Burchard was driving recently had been resurfaced by United Materials of Great Falls, Inc. (United). Burchard lost control of his vehicle near the intersection of 38th Street and 10th Avenue South. The fifth-wheel trailer rode up on the median and Burchard's attempts to regain control caused the pickup and trailer to "jackknife," coming to rest partially on the median and partially on westbound 10th Avenue

2

South. Minnie Gregory (Gregory) was traveling in the inside westbound lane of traffic on 10th Avenue South at the time and her vehicle collided with Burchard's.

Great Falls Police Officer Keith Kercher (Kercher) investigated the accident. Burchard told Kercher that he lost control of his pickup because various fluids at the accident scene had seeped out of the new pavement, creating a slippery road surface. Kercher observed gasoline, oil, antifreeze and transmission fluid on the pavement from the damaged vehicles and disagreed with Burchard's characterization of the source of the slippery road surface at the scene of the accident. He subsequently performed skid tests, however, in order to investigate Burchard's theory. Kercher cited Burchard for careless driving; he did not cite Gregory.

Burchard's wife filed a negligence action against Burchard, Gregory, United, and John Does A through E in July of 1992, seeking recovery for injuries she sustained in the accident. Burchard filed a separate negligence action against the other defendants that same month. The District Court consolidated the actions and Burchard's wife subsequently settled her case.

Burchard proceeded pro se after his attorney was permitted to withdraw. Pursuant to the court's scheduling order, the plaintiff and defendant were required to disclose expert witnesses by August 1, 1994, and August 15, 1994, respectively, and to complete discovery by September 1, 1994. Trial was scheduled for October 31, 1994.

3

Gregory and United filed motions for summary judgment pursuant to Rule 56, M.R.Civ.P., on September 8, 1994, and Burchard responded. Following a hearing held on October 7, 1994, the trial date apparently was vacated. The District Court granted both motions for summary judgment on December 5, 1994, and entered judgments accordingly. Burchard appeals.

Did the District Court err in granting summary judgment in favor of Gregory and United?

Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. The party moving for summary judgment has the initial burden of establishing both the absence of any genuine issue of material fact and its entitlement to judgment as a matter of law. AgAmerica, FCB v. Robson (1995), 272 Mont. 413, 416-17, 901 P.2d 100, 102 (citation omitted). When reviewing an order granting summary judgment, we apply the same criteria as the district court. AgAmerica, 901 P.2d at 102 (citation omitted).

Ordinarily, negligence issues involve "questions of fact not susceptible to summary adjudication." Hatch v. State Dep't of Highways (1994), 269 Mont. 188, 192-93, 887 P.2d 729, 732 (citation omitted). Notwithstanding this general rule, a negligence action properly may be resolved on a motion for summary judgment under limited circumstances. If a moving defendant establishes the absence of a genuine issue of material fact regarding any one of the four elements constituting the negligence action, and the plaintiff does not come forward with proof establishing the existence of a genuine factual issue regarding that element,

4

summary judgment in the defendant's favor is proper. Hatch, 887 P.2d at 732 (citation omitted). The nonmoving party's proof must be substantial and consist of specific facts; reliance on pleadings or speculative, fanciful or conclusory statements is insufficient. Thornton v. Songstad (1994), 263 Mont. 390, 397-98, 868 P.2d 633, 638 (citation omitted).

a. Summary judgment in favor of Minnie Gregory

Burchard's complaint alleged that he lost control of his vehicle and that it came to rest partly on the raised median separating eastbound and westbound 10th Avenue South, and partly "in the left lane of westbound traffic." His sole allegation against Gregory was that she negligently operated her vehicle at an excessive speed and, as a result, collided with his pickup in the left lane of westbound traffic, thus causing the accident and his injuries and other damages. Gregory moved for summary judgment.

Gregory supported her motion with affidavits and a drawing of the accident scene from Kercher, who had received formal accident investigation training and investigated more than 700 accidents during his law enforcement career. According to Kercher, Gregory was travelling at approximately the speed limit when Burchard's vehicle suddenly appeared in and obstructed her inside westbound lane of travel. Kercher's opinion that Burchard's pickup obstructed Gregory's lane of travel resulted from his investigation and reconstruction of the accident and was reflected on a diagram showing Burchard's pickup blocking Gregory's westbound lane at the point of impact. Kercher stated that Gregory could not have

5

avoided the accident even if she had been going slower, given the sudden obstruction of her lane of travel by Burchard's pickup. In his opinion, the accident was caused by Burchard's failure to maintain control of his vehicle.

The District Court concluded that Gregory met her initial burden of establishing the absence of any genuine issue of material fact with regard to Burchard's negligence claim against her. The court further concluded that Burchard's submissions in opposition to Gregory's motion were insufficient to raise a genuine issue of material fact as to Gregory's negligence or the cause of the accident. On that basis, the District Court granted Gregory's motion.

A law enforcement officer with years of experience in accident investigation may render opinions on whether a party was driving too fast and on the cause of an automobile accident. Hart-Anderson v. Hauck (1989), 239 Mont. 444, 448-49, 781 P.2d 1116, 1118-19. Indeed, this has been well-settled law in Montana since at least 1974. See Rude v. Neal (1974), 165 Mont. 520, 526, 530 P.2d 428, 432. Moreover, an experienced investigating officer's opinion regarding the cause of an automobile accident is sufficient to meet a moving party's initial burden of establishing the absence of a genuine issue of material fact on that element of an accident-based negligence claim. White v. Murdock (1994), 265 Mont. 386, 391, 877 P.2d 474, 477.

Here, Kercher's opinions that Gregory was not driving too fast and that Burchard caused the accident were based on his

6

investigation and experience. Thus, Kercher's opinions were sufficient to establish the absence of any genuine issue of material fact regarding her alleged negligence and the cause of the accident. See White, 877 P.2d at 477. We conclude, therefore, that Gregory met her initial burden on summary judgment.

Gregory having met her burden as the party moving for summary judgment, the burden shifted to Burchard to establish the existence of genuine issues of material fact. He contends that he raised several such issues.

Burchard relies on his own affidavit in contending, first, that a factual dispute exists regarding Gregory's speed at the time of the accident. In his affidavit, he stated that Gregory's vehicle was "negligently driven at the time . . . [and was] travelling at an excessive rate of speed. . . ."

Once the party moving for summary judgment has satisfied its initial burden, the nonmoving party may not rest on the mere allegations in its pleadings. Rule 56(e), M.R.Civ.P. By affidavit or as otherwise provided by Rule 56, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), M.R.Civ.P. Burchard's statement regarding Gregory's speed simply reiterates the speed-related allegation in his complaint.

Moreover, speculative and conclusory statements are insufficient to raise a genuine issue of material fact; they do not constitute the substantial proof consisting of specific facts which is necessary to withstand a properly supported motion for summary

7

judgment. Thornton, 868 P.2d at 638. Here, Burchard's affidavit includes only his own speculative and conclusory statement regarding Gregory's speed. In light of Kercher's investigation-based opinion that Gregory was not driving at an excessive rate of speed, we conclude that Burchard's affidavit is insufficient to establish the existence of a genuine issue of material fact regarding Gregory's alleged excessive speed.

In disclosing his witnesses and again at the summary judgment hearing, Burchard indicated that Ralph Ward (Ward), a wrecking yard operator he identified as a trial witness, estimated Gregory's speed at 55 miles per hour, which exceeds the speed limit at the location of the accident. He submitted no affidavit or other evidence from Ward. Moreover, when questioned by the District Court about whether Ward was qualified to give an opinion regarding the speed at which Gregory was driving, Burchard responded that Ward was not an engineer and that he guessed that he "can go find another guy and see if he'll talk."

Once the burden on summary judgment has shifted, the nonmoving party must affirmatively respond by affidavit or other sworn testimony containing material facts raising genuine issues. Koepplin v. Zortman Mining, Inc. (1994), 267 Mont. 53, 58-59, 881 P.2d 1306, 1309 (citation omitted). Even assuming Ward's qualifications to offer an opinion regarding Gregory's speed, Burchard's statements about Ward's alleged opinions were insufficient to meet his burden. Substantial evidence raising a genuine issue of material fact must be in proper form; a party's

8

statements regarding anticipated future testimony or proof are insufficient. Morales v. Tuomi (1985), 214 Mont. 419, 424, 693 P.2d 532, 534-35 (citation omitted).

Burchard argues on appeal that he should be granted more time to find an expert to render an opinion relating to Gregory's speed. We disagree. Rule 56(f), M.R.Civ.P., allows the nonmoving party in a summary judgment proceeding to request a continuance to obtain affidavits or discovery necessary to present facts in opposition to the motion. This salutary procedure requires only that the party satisfy the court, via affidavit, that sufficient reasons exist why it is as yet unable to present facts essential to support its case in opposition to summary judgment. Rule 56(f), M.R.Civ.P. Burchard did not avail himself of the Rule 56(f) procedure.

In addition, Burchard had more than two years between the filing of his complaint and the summary judgment hearing to acquire evidence in support of his case or, at least, to offer a reasonable explanation of why he was unable to do so. Burchard conceded that he had retained an accident reconstructionist and, indeed, he listed the expert in his witness disclosure statement filed on July 29, 1994. Burchard did not provide any information from this expert and merely stated at the summary judgment hearing that his expert "didn't want to report."

Gregory filed her motion for summary judgment early in September of 1994, a mere seven weeks before the scheduled trial. In addition, nearly three months passed between the time Gregory filed her motion and the court's order granting it on December 5,

9

1994. Burchard did not submit expert or, indeed, any support for his opposition to Gregory's motion during those three months and also did not request additional time in which to do so. For these reasons, we deny Burchard's request for additional time to locate an expert to establish the existence of a genuine issue of material fact regarding the speed at which Gregory was operating her vehicle.

Burchard next contends that, notwithstanding Kercher's affidavits and diagram establishing that his pickup was blocking Gregory's lane of travel immediately prior to the accident, he raised a genuine issue of material fact that his pickup blocked only the left-turn lane of westbound traffic, rather than Gregory's lane of travel. He apparently argues that Gregory caused the accident by negligently not remaining in her clear lane of travel. There are two problems with Burchard's position.

As set forth above, the sole allegation of negligence against Gregory contained in Burchard's complaint is that she was operating her vehicle at an excessive speed. His contention that Gregory's negligence was her failure to remain in her own lane of travel is an attempt to oppose summary judgment advancing a new theory of negligence. Burchard cites no authority--and we know of none-- under which such a substitution of a new cause of action can be utilized to raise a genuine issue of material fact in opposition to a motion for summary judgment. Burchard could have pleaded this theory about Gregory's negligence in his original complaint, either alternatively or in addition to the "speeding" allegation. See

10

Rule 8(e)(2), M.R.Civ.P. He did not do so. He could have amended his complaint to add such a claim as a matter of right, under Rule 15(a), M.R.Civ.P., at any time prior to the filing of a responsive pleading; he did not do so. Nor did Burchard seek leave of court to amend his pleading at a later time, pursuant to Rule 15(a), M.R.Civ.P. To allow the nonmoving party to add a new theory in opposition to summary judgment after the moving party has met its initial burden, and to raise an issue of fact about that theory, would make every case a "moving target" and effectively preclude the use of summary judgment to resolve cases which present no genuine factual issue for trial. While summary adjudication cannot be used as a substitute for a trial on the merits of contested issues of fact (Roe v. Corbin Water Users' Ass'n (1994), 267 Mont. 503, 507, 885 P.2d 419, 421 (citations omitted)), it is an appropriate means of disposing of cases which contain no such issues.

The problem with Burchard's related contention--that he raised a genuine issue of material fact regarding the location of his pickup when Gregory collided with it--is similar. The location-related allegation in Burchard's complaint was that his pickup came to rest, in part, "in the left lane of westbound travel." Indeed, Kercher's evidence established that Gregory was traveling in the left--that is, the inside--westbound lane of travel at the time she collided with Burchard's vehicle partially occupying that lane.

In opposing summary judgment, Burchard attempted to raise an issue of fact that his pickup came to rest in the left-turn lane

11

rather than in the left lane of westbound travel. This variance from the allegations of his complaint was advanced for the first time in opposition to Gregory's motion for summary judgment. For the reasons discussed immediately above, Burchard may not oppose summary judgment by creating a moving target. On that basis, we decline to address these contentions further.

Finally, Burchard contends that he established a genuine issue of material fact regarding whether Gregory should have seen his pickup in time to avoid the accident, even if he were occupying her lane of travel. While this contention arguably varies the allegations in Burchard's complaint in a manner similar to the contentions discussed above, it is at least arguably related to the excessive speed allegation in his complaint. In this regard, however, Burchard provided no evidence, substantial or otherwise, in response to Kercher's affidavit stating that Burchard suddenly appeared in Gregory's lane of travel and that Gregory could not reasonably have avoided the accident. We conclude, therefore, that Burchard's bare contention is insufficient to raise a genuine issue of material fact.

Burchard has failed to establish the existence of any genuine issue of material fact regarding any breach of duty by Gregory which caused the collision between the Gregory and Burchard vehicles. We hold, therefore, that the District Court did not err in granting Gregory's motion for summary judgment.

b. Summary judgment in favor of United Materials of Great Falls, Inc.

A negligence action involves four elements, each of which must

12

be established by the plaintiff: 1) duty; 2) breach of duty; 3) causation; and 4) damages. Hatch, 887 P.2d at 732. Burchard's complaint alleged negligent road construction and negligent supervision of the road construction project by United and that United's negligence was a cause of the accident and his damages. More specifically, he alleged that he encountered wet, slippery roadway which had recently been oiled and which caused his vehicle to travel up over the raised median. In addition, Burchard alleged that there "appeared to be" an oily or otherwise hazardous surface, "as if" the road had been recently oiled or otherwise coated with a material which caused the roadway to be hazardous and slippery. He alleged on information and belief that the roadway in the area of the accident had recently been under construction by United. United moved for summary judgment.

In support of its motion, United submitted Kercher's affidavits stating that he investigated the scene and performed skid tests on the pavement. The skid tests produced a "drag factor" of .77 which, in Kercher's opinion, demonstrated that the pavement was less slippery than normal wet pavement. Kercher further opined that the condition of the road was not a factor in the accident and that Burchard's failure to control his vehicle caused the accident.

The District Court concluded that United established the absence of genuine issues of material fact regarding Burchard's allegations that the roadway was "hazardous and slippery" as a result of any negligence by United and that the condition of the

13

roadway caused the accident. The burden having thereby shifted to Burchard, the court concluded that Burchard's submissions in opposition to United's motion were legally insufficient to establish a genuine issue of material fact regarding United's liability.

Expert testimony generally is required to establish both the applicable standard of care and a breach of that standard in negligence actions against professionals and those involved in skilled trades. See Newville v. State (1994), 267 Mont. 237, 257, 883 P.2d 793, 805 (citations omitted). Burchard concedes on appeal that expert testimony is required to establish the applicable standard of care and United's breach in this case, as well as to establish that the condition of the roadway caused the accident. Because of that concession, this case does not present--and we do not address--the issue of whether expert testimony was required as a matter of law regarding United's duty, any breach of that duty, or the causal connection between any breach of duty and Burchard's accident. Also conceding that he did not present the requisite expert testimony, Burchard contends that he should be allowed more time to obtain an expert's opinion because, as a pro se litigant, he did not recognize the necessity of expert testimony.

The record does not support Burchard's claim that he did not recognize the need for expert testimony to support his negligence action against United. In disclosing his witnesses on July 29, 1994, Burchard listed the name of an accident reconstructionist whose report was to be forthcoming; he never provided the expert's

14

opinion or report in response to United's Rule 26(b)(4), M.R.Civ.P., request. Furthermore, in response to the court's question as to whether he had an expert, Burchard stated that he had paid an expert but that the expert did not provide a report. Based on this record, we are unpersuaded by Burchard's assertion on appeal that he did not recognize the need for expert testimony.

Burchard also asserts that he indicated his need for more time to bring in an expert to the District Court, but that the court refused to grant a continuance. In essence, he argues that the court abused its discretion in failing to continue the proceedings and order Burchard to obtain an expert.

Burchard filed his complaint on July 9, 1992. The scheduling order in this case was entered on January 24, 1994, with a jury trial scheduled for October 31, 1994. Burchard's expert witness disclosure was due by August 1, 1994, a discovery deadline of September 1, 1994, was established and witness lists were due by September 26, 1994. As noted above, Burchard timely disclosed the name of his accident reconstruction expert; he simply did not provide any affidavit, testimony or report from that expert. United filed its motion for summary judgment on September 8, 1994.

Burchard had approximately eight months between entry of the scheduling order and the summary judgment hearing, not to mention the more than two years after filing his complaint, to procure expert witness testimony for his claim against United. Moreover, even aside from his failure to utilize the formal procedure provided by Rule 56(f), M.R.Civ.P., for requesting a continuance of

15

the summary judgment proceeding, Burchard did not make a sufficient showing under the rule to require the court to exercise its discretion regarding a continuance in his favor. Finally, even Burchard's post-hearing document, filed a month before the District Court's ruling and entitled "Request Motion for Summary Judgment Be Denied Defendant[']s," was not accompanied by any expert opinion as to the applicable standard of care in this negligent road construction action against United or any breach of such a standard by United. We cannot conclude, on the record before us, that the court abused its discretion in refusing to continue the proceedings.

Notwithstanding his concession that expert testimony was needed to successfully oppose United's motion, Burchard advances other arguments relating to his action against United. First, he contends that he presented substantial evidence that the road was oily and slick and, therefore, that he raised a genuine issue of material fact as to the cause of the accident. In light of Burchard's concession that expert testimony was required "regarding the cause of the accident most specifically, the road surface" and his failure to provide such testimony, we do not address this contention.

Burchard having failed to present expert affidavit or other testimony he concedes was necessary to withstand summary judgment on negligence action against United, we conclude that he did not establish the existence of any genuine issue of material fact regarding a breach of duty by United which caused the accident in

this case. We hold, therefore, that the District Court did not err in granting United's motion for summary judgment.

Burchard also argues, as to both defendants, that the District Court erred in failing to consider the allegations in his complaint and affidavits from other witnesses which he submitted. As discussed above, once the party moving for summary judgment satisfies its initial burden, the nonmoving party cannot rest on the allegations in its pleadings, but must come forward with specific facts demonstrating the existence of a genuine issue of material fact. Rule 56(e), M.R.Civ.P. Further, although Burchard asserts that the court did not consider affidavits from other witnesses, the only affidavit Burchard presented, other than his own, was that of Patricia Bourne. The District Court addressed the Bourne affidavit, which related to the location of Burchard's pickup at the time the accident occurred and to the condition of the roadway vis-a-vis whether United's negligence caused the accident. Because we have determined that, on this record, Burchard may not properly raise issues of fact regarding those issues in an effort to defeat summary judgment, we need not address the Bourne affidavit further.

Burchard's final arguments are that the District Court did not consider his deposition and that he was not allowed to take the defendants' depositions. In addressing motions for summary judgment, district courts consider only pleadings and discovery "on file." Rule 56(e), M.R.Civ.P. Depositions are not routinely filed; if a party believes that a deposition should be filed, it

17

may make an ex parte request that it be filed under Rule 5(d), M.R.Civ.P. Burchard did not request that his deposition be filed. Therefore, because the deposition was not part of the record, the District Court did not err in failing to consider it.

Burchard contends that the District Court granted the defendants' motions based on inadequate information and, therefore, that summary judgment was not appropriate. Burchard relies on Rasmussen v. Bennett (1983), 207 Mont. 33, 672 P.2d 278, where we set aside a summary judgment and returned the case to the district court for further consideration because the district court did not have the depositions of all four defendants before it and, therefore, may not have been in possession of all the facts. In Rasmussen, the action was a complicated libel and slander suit, the disputed facts were fifteen years old by the time summary judgment was granted, and both counsel proceeded under the belief that the defendants' depositions were of record. Rasmussen, 672 P.2d at 279.

Rasmussen is inapplicable here. The facts in Burchard's case are neither as old, nor as complicated, as those in Rasmussen. Furthermore, at the time we decided Rasmussen, the parties were required by Rule 30(f), M.R.Civ.P. (1983), to file depositions with the court. As discussed above, depositions are no longer routinely filed; indeed, a party seeking to file a deposition must obtain the court's permission to do so. Rule 5(d), M.R.Civ.P. Burchard did not.

Finally, Burchard's argument that summary judgment was

18

inappropriate because he "had not been allowed" to take the defendants' depositions is unsupported by the record. Burchard could have deposed the defendants at any time after filing his action in July of 1992; that he failed to do so cannot be blamed on the District Court. The record does not indicate that Burchard ever served a notice of intent to depose anyone from United. Moreover, while Burchard served notice of his intent to depose Gregory on September 15, 1994, after the September 1, 1994, discovery deadline, and Gregory and her counsel were available at the Cascade County Courthouse on the date specified, Burchard did not appear. We conclude that a litigant's total failure to conduct discovery cannot constitute error by a district court.

Affirmed.

_____
Justice

We concur.

_____
Chief Justice

_____

_____

_____

_____
Justices

19

Justice Terry N. Trieweiler dissenting.

I dissent from the majority's opinion in which it clearly usurps the fact-finding role properly reserved to a jury after consideration of and balancing all the evidence and which blatantly disregards those rules which this Court has, in the past, applied to motions for summary judgment.

Only when there are no issues of material fact and the moving party is entitled to judgment as a matter of law, is summary judgment appropriate pursuant to Rule 56(c), M.R.Civ.P. *Reeves v. Reinhold* (1980), 189 Mont. 284, 287, 615 P.2d 896, 898.

In the determination of whether there are issues of material fact, "all reasonable inferences that might be drawn from the offered evidence should be drawn in favor of the party who opposed summary judgment." *Heiat v. Eastern Montana College* (Mont. 1996), 53 St. Rep. 162, 163.

Furthermore, we have, for good reason, held that ordinarily issues of negligence are questions of fact not susceptible to summary adjudication. *Duchesneau v. Silver Bow County* (1971), 158 Mont. 369, 377, 492 P.2d 926, 931. For the following reasons, this case was clearly not susceptible to summary adjudication:

In the complaint filed by Burchard and prepared for him by the attorney who represented him at that time, Burchard alleged that his vehicle went out of control while approaching an intersection on 10th Avenue South in Great Falls and that after coming to a stop on the median, and while partially located in the westbound lane of

20

to establish Gregory's negligence. We held in *Payne v. Sorenson* (1979), 183 Mont. 323, 326, 599 P.2d 362, 364, that:

> Under Montana law, a motorist has a duty to look not only straight ahead but laterally ahead as well and to see that which is in plain sight. Furthermore, a motorist is presumed to see that which he could see by looking, and he will not be permitted to escape the penalty of his negligence by saying that he did not see that which was in plain view.

Furthermore, the fact that Burchard may have been placed in a position of danger by his own negligence did not bar his claim against Gregory. Restatement (Second) of Torts § 479 (1965), provides as follows:

> A plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover for harm caused thereby if, immediately preceding the harm,
> (a) the plaintiff is unable to avoid it by the exercise of reasonable vigilance and care, and
> (b) the defendant is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm, when he
> (i) knows of the plaintiff's situation and realizes or has reason to realize the peril involved in it or
> (ii) would discover the situation and thus have reason to realize the peril, if he were to exercise the vigilance which it is then his duty to the plaintiff to exercise.

We approved of the last clear chance doctrine set forth at § 479 in *Lamb v. Page* (1969), 153 Mont. 171, 455 P.2d 337.

Plainly, pursuant to the law in Montana, Burchard's affidavit was sufficient to raise an issue of fact regarding Gregory's negligence, regardless of any evidence to the contrary.

With regard to defendant United Materials, Burchard alleged in his complaint that that defendant had recently done work at 10th

22

traffic, Minnie Gregory negligently collided with him and caused him damage.

In support of his allegation that Gregory was negligent and in opposition to her motion for summary judgment, Burchard filed an affidavit in which he stated the following relevant facts:

10. That I was proceeding east on 10th Avenue South at approximately 25 mph and attempted to brake, because of the traffic light changing to amber as I approached the intersection of 38th Street and 10th Avenue South when my vehicle, pulling a fifth-wheel trailer, jack-knifed and the two front wheels of the towing vehicle crossed the raised median, coming to rest partly in the left-hand turn lane of the west bound traffic on 10th Avenue South;

11. That the towing vehicle came to a full-stop on the median with its two front wheels protruding into the left-hand turn lane of west-bound traffic on 10th Avenue South, leaving two full west-bound lanes free for safe traffic;

12. That the east bound lanes of 10th Avenue South had an oily appearing surface, as if the east bound lanes of 10th Avenue South had been recently oiled or otherwise coated with a material which caused the roadway to be hazardous and slippery.

13. That approximately three (3) minutes after the towing vehicle came to a full stop on the median with its two front wheels protruding into the left-hand turn lane of west-bound traffic on 10th Avenue South, leaving two full west-bound lanes free for safe traffic, a vehicle negligently driven at the time by the defendant, Minnie Gregory, traveling at an excessive rate of speed hit my stopped towing vehicle at or about its right rear wheel . . . .

(Emphasis added.)

The facts alleged in Burchard's affidavit were admissible pursuant to Rule 56, M.R.Civ.P., and if believed, were sufficient

21

Avenue South at the scene of his accident and that as a result of its negligence, the road was left in an oily, hazardous, and slippery condition which prevented him for controlling his vehicle and caused the predicament in which he found himself at the time that he was struck by Gregory. In support of that contention and in opposition to United's motion for summary judgment, Burchard produced his own affidavit testimony set forth above, in addition to the following affidavit testimony from Patricia Lynn Bourne:

6. That on July 12, 1989 I managed the Sahara Motel located at 3460 10th Avenue South in Great Falls, Montana;

7. That the Sahara Motel is located on the southwest corner of the intersection of 35th Street and 10th Avenue South;

8. That on July 12, 1989 I lived with my husband Frank Meyers and my family at the Sahara Motel in an apartment connected to the motel;

9. That the office of the motel, in July of 1989, was a box-like structure located in that portion of the motel that was closest to 10th Avenue South. Except for a fireplace chimney on the north side of the office, it was covered with windows or glass doors so that anyone in the office had a clear and unobstructed view of 10th Avenue South to the east, to the west and except for the chimney, to the north;

. . . .

12. That the construction company that was resurfacing 10th Avenue South in front of the Sahara Motel with bituminous asphalt (black-top) had completed its work during the last few days;

13. That the freshly laid black-top was oozing oil and mixing with the rain;

14. That the "bleeding" made the surface slick and slippery, like it was black ice;

23

15. That as a result of the slick and slippery condition on 10th Avenue South on July 12, 1989 I observed several east bound vehicles fishtailing at the traffic light located at the 38th Street intersection. Most of the fishtailing occurred when the traffic light went from Green to Yellow to Red;

16. That my husband Frank remarked several times during the day that . . . he knew that an accident was going to happen before the day was over;

. . . .

19. That Frank and I watched the office T-V set for perhaps a half an hour when we both heard a crash;

. . . .

22. That I ran to the pick-up truck and saw that there was no fire in or around the truck;

. . . .

24. That the pick-up truck was straddling the center divider (or median) with its front wheels protruding into the left-hand turn lane of west-bound traffic on 10th Avenue South;

. . . .

32. That on July 12, 1989 there were no signs on, at or near 10th Avenue South that indicated that the roadway was hazardous, slippery, or dangerous;

33. That on July 12, 1989 there were no caution signs and no drive with care signs on, at or near 10th Avenue South . . . .

It is reasonable to infer from the combined affidavits of Burchard and Bourne that when Burchard attempted to bring his vehicle to a stop at the intersection of 10th Avenue South and 38th Street, he was unable to do so and jackknifed his vehicle as a result of the hazardous, slippery surface of the street. Expert testimony was not required for the proposition that when a road

contractor leaves a street in such a slippery and hazardous condition that people operating their vehicles at less than the lawful speed limit cannot bring their vehicles to a safe stop and when no warning has been provided that such a dangerous condition exists, the contractor had acted negligently. The fact that contrary evidence was offered in the form of the investigating officer's opinion did not eliminate the question of fact which was raised by Burchard's and Bourne's affidavits. Officer Kercher's affidavit, at most, created a clear question of fact regarding the negligence of United.

The majority concludes that Gregory satisfied her initial burden of establishing the absence of any genuine issue of material fact when she submitted the affidavit of the investigating officer who arrived after the collision and, based on his investigation, concluded that she had not been traveling too fast and that the accident was Burchard's fault. The first response that comes to mind is that it was impossible for Officer Kercher to estimate Gregory's speed prior to her impact with Burchard because there were no skid marks at the point of impact. His opinion had to be based solely on what he was told by Gregory.

Second, it makes no difference how fast Gregory was traveling prior to the time at which she collided with Burchard. She had an obligation, pursuant to the law previously cited, to keep a lookout for hazards on the roadway and avoid them. If, as stated in Burchard's affidavit, he was blocking the roadway for at least three minutes prior to the collision, she should have seen him and

25

avoided him. There was no indication that the roadway was anything but straight and level at the point of impact or that her view was obstructed in any other way.

The majority cavalierly disregards Burchard's sworn statement that he blocked only the westbound left-hand turn lane and not Gregory's lane of travel based on the fact that that contention was not made in his original complaint. There are several problems with this basis for the majority's conclusion. First, Burchard did not prepare the complaint. It was prepared by an attorney who represented him at that time but did not represent him during the summary judgment proceedings. At the same time he was also represented by a second attorney who defended him in the action brought by his wife. The two actions were later consolidated. In the answer to June Burchard's complaint, which was filed on September 28, 1992, Burchard specifically stated in paragraph two of his second defense that:

> Responding to paragraph II of the complaint, defendant James Burchard admits that he was proceeding east on 10th Avenue South at approximately 10 mph less than the speed limit and attempted to brake as he approached the intersection at 38th Street and 10th Avenue South when his vehicle, pulling a fifth-wheel trailer, jack-knifed and the two front wheels of the towing vehicle crossed the raised median, coming to rest partly <u>in the left-hand turn lane of west-bound traffic on 10th Avenue South</u>.

(Emphasis added.) Therefore, there was nothing inconsistent about the position taken by Burchard in his affidavit and the position taken by Burchard in the early pleading stages of this litigation.

26

There was no "new theory" advanced by Burchard in opposition to summary judgment.

Second, whether Burchard's wheels came to rest in the left westbound lane or the left westbound turn lane is irrelevant. A change in the alleged location did not constitute "a substitution of a new cause of action." Burchard's claim was that his vehicle came to rest at a place where Minnie Gregory could have avoided it had she kept a proper lookout and exercised reasonable care. His point was that whether his vehicle was in the westbound lane or the westbound turn lane, it had been there for at least three minutes prior to the collision and there was no reason Gregory could not have seen it and avoided it. There was no reason for him to amend his complaint to allege that his wheels were in the westbound turn lane, rather than the westbound lane. The purpose of the complaint was to give general notice of the nature of his claim, not to state with perfection every fact which formed the basis of that claim. The suggestion that his affidavit filed in opposition to summary judgment is somehow unworthy of consideration because it varied in some insignificant detail from a general complaint prepared for him by an attorney two years earlier, is preposterous. The suggestion that his affidavit alleged material facts about which the defendants had not been previously advised is not supported by the record. The suggestion that Keith Kercher, a Great Falls Police Officer who arrived at the scene of the accident sometime after events had occurred, is in a better position to state what happened

27

at the time of the accident than the actual participants is strange indeed.

The majority states in their opinion that "Burchard provided no evidence, substantial or otherwise, in response to Officer Kercher's affidavit stating that Burchard suddenly appeared in Gregory's lane of travel and that Gregory could not reasonably have avoided the accident." The majority's statement to that effect is incorrect. For the purpose of putting it in context, I will again recite that part of Burchard's affidavit which directly contradicted the relied on part of Officer Kercher's affidavit. Burchard stated:

13. That approximately three (3) minutes after the towing vehicle came to a full stop on the median with its two front wheels protruding into the left-hand turn lane of west-bound traffic on 10th Avenue South, leaving two full west-bound lanes free for safe traffic, a vehicle negligently driven at the time by the defendant, Minnie Gregory, traveling at an excessive rate of speed hit my stopped towing vehicle at or about its right rear wheel . . . .

(Emphasis added.)

If Burchard had been in the left-hand westbound turn lane or the westbound lane of travel for three minutes before the collision, he could not have suddenly appeared in Gregory's lane of travel.

We have never previously held that expert testimony is necessary to prove that a roadway is hazardous or that a motorist on that road is entitled to a warning of a sudden change in the road's condition. This is a poor case in which to set that

28

precedent. It should not take a rocket scientist or someone with an engineering degree to establish that a roadway on which vehicles cannot come to a safe stop while traveling at a speed equal to or less than the allowable speed is unsafe and requires a warning by the contractor who creates that condition. However, without any authority other than Burchard's concession, first made while proceeding as a *pro se* litigant, the majority has now made such a requirement, and in the process, increased the complexity and cost of all future litigation related to roadway conditions.

The majority opinion affirming summary judgment in favor of United Materials completely overlooks the following proof submitted by affidavit:

1. Burchard approached the intersection where United had done surfacing work at a speed of about 25 miles per hour (10 miles per hour under the speed limit), applied his brakes, and lost control of his vehicle.

2. The lane on which he lost control had an oily appearing surface which caused the roadway to be hazardous and slippery.

3. United had completed resurfacing of the area in the few days prior to the accident.

4. The freshly laid surface was oozing oil which mixed with the rain.

5. The combination of the oil and rain made the surface slick and slippery like it was black ice.

6. No warning of the roadway's condition was erected.

29

7.   As a result of the slick and slippery condition of the roadway at the scene of Burchard's accident, an independent third party, who resided in the area, observed vehicles fishtailing at the same location earlier in the day.   Most of the fishtailing occurred when those same motorists were trying to stop for the same traffic light that caused Burchard to apply his brakes.

8.   At least one resident in the area remarked prior to Burchard's accident that an accident was going to happen at the intersection before the day was over.

In light of this testimony and the inferences that can be drawn from it, the majority's conclusion that summary judgment for United should be affirmed based on Burchard's failure to produce an expert witness presents a new and inappropriate dimension to the litigation of simple automobile accidents.

In *Heiat v. Eastern Montana College* (Mont. 1996), 53 St. Rep. 162, we recently held that a female college professor who was hired for a position comparable to her husband's, but at less pay, was entitled to a trial on the merits of her claim that she had been discriminated against in the face of uncontroverted affidavits to the contrary simply because of inferences which arose from the pay discrepancy.   In this case, the plaintiff has produced sworn affidavits providing facts in direct support of his allegations that the defendants were negligent.   The District Court ignored those affidavits.   The majority now ignores those affidavits in favor of evidence that it finds more persuasive.   Apparently the message is that in Montana nonresident *pro se* litigants who have been

30

injured in automobile collisions are not entitled to the same due process as college professors claiming gender discrimination. I find this Court's grossly disparate treatment of these litigants inexplicable on any other basis.

For these reasons I dissent from the majority opinion.

_____
Justice

Justice William E. Hunt, Sr., joins in the foregoing dissenting opinion.

_____
Justice

31

Justice W. William Leaphart, specially concurring and dissenting.

I join in the dissent of Justice Trieweiler with regard to the summary judgment granted to defendant Gregory. While there are discrepancies between his complaint, his affidavit, and his answer to his wife's complaint, the fact remains that Burchard's sworn affidavit raises a question of fact as to where his vehicle came to rest and, thus, a question as to whether Gregory should and could have avoided colliding with him.

I concur with the Court in affirming the summary judgment for United Materials of Great Falls. Officer Kercher's affidavit established that, based upon his tests of the road surface, the road was no more slippery than after a normal rain. Burchard presented the affidavit of Bourne which established that the road was oozing oil which was mixing with the rain and that the surface was slippery like black ice and that, as a result of the slippery condition, Bourne observed several vehicles fishtailing. Although this affidavit establishes that the road was slippery, it does not raise a question of fact with regard to whether United Materials was the cause of that slippery condition. Furthermore, Bourne's affidavit does not purport to make any causal connection between the slippery condition and what happened to Burchard's vehicle as opposed to other vehicles. That is, did Burchard lose control due to the slippery condition or due to his driving too close to the median as established by Officer Kercher?

Secondly, although the Bourne affidavit establishes that the

32

road was slippery due to rain and oil, it does not refute the fact (established by Officer Kercher) that the road was no more slippery than normal wet pavement in a rain storm. As all drivers know, after or during a rain storm, roads become "slippery when wet." In light of the fact that this accident occurred while it was raining, Burchard had to do more than establish that the road was slippery. That is, he had to produce testimony (whether from a lay person or an expert) to the effect that, due to the oil applied by United Materials, the road was rendered *more* slippery than it would be from a mere rain storm. The affidavit of Bourne does not do this. It merely establishes that the road was slippery. A slippery condition can be attributed to nature rather than any negligence by United Materials.

Because Burchard did not raise a genuine issue of material fact as to whether the road was more slippery than it would be from a rain storm, summary judgment was properly granted to United Materials.

W. William Leephunt
_____
Justice

33